## THE STATE v. ELIJAH DORSETT.

Voluntary, and negligent, escapes are made by the Statute distinct offences; they are created by different sections, and different punishments are annexed. An indictment charging that the defendant did "wilfully and negligently" permit the escape, is obnoxious to the objection of duplicity.

Appeal from Houston. Tried below before Hon. J. H. Reagan.

Indictment for escape quashed upon motion.

*Attorney General*, for the State.

*Wm. M. Taylor*, for appellee.

WHEELER, J. Voluntary and negligent escapes are made by the Statute distinct offences, created by different sections annexing different punishments. The former may be a felony, the latter can only be a misdemeanor. (Hart. Dig. Art. 549, 551.) The indictment charges that the defendant did "wilfully and negligently" permit the escape. Wilfully is a word of equivalent, or a broader meaning than voluntarily. It certainly includes it. If the word wilfully be stricken out of the indictment, it is a good indictment for a negligent escape, under Art. 551, of the Digest; and if, on the other hand, that word be retained, and the word negligently be stricken out, it will be a good indictment for a voluntary escape, under Art. 549 of the Digest. It is, therefore demonstrably obnoxious to the objection of duplicity. There are but few exceptions to the rule that duplicity vitiates an indictment in England; there

are many which have been recognized in this country ; but after an examination of the cases, with some attention, I am unable to find that the present comes within any recognized exception. (Whart. Am. Cr. L. title Duplicity, and cases cited under the head of exceptions, *et seq*.) On principle, it seems to me, the indictment ought to be held good, as it charges but one act as constituting the offence, thus sufficiently apprising the defendant that it is that and none other, that he is called upon to answer, and let the evidence determine the jury, under the charge of the Court, to find the one or the other grade of offence, as they are authorized to do in some other cases, as assaults with intent to murder. But I do not find that any precedent will warrant the Court in so holding ; and our business here is to administer the law as we find it.

If the indictment did not contain a complete description of two offences, the words applicable to that in respect to which the charge was incomplete, might be stricken out as surplusage, on the authority of the case cited, on behalf of the State, from The People v. Lohman, (2 Barbour, 216.) But the description of both offences is complete, and there is no escaping the conclusion that the indictment is bad for duplicity.

The judgment is affirmed.

Judgment affirmed.