## A. WEATHERSBY v. THE STATE.

1. INDICTMENT—JOINDER OF SEVERAL OFFENSES.—Appellant was convicted of theft on an indictment which in one count charged him with the theft of a colt, and in another count with illegally marking and branding the colt. There was no motion to quash nor to compel the state to elect, and the court below instructed the jury to return their verdict on the charge of theft, and without considering the other count. *Held*, that the court below did not err in overruling a motion in arrest of judgment on the ground that the indictment charged two different and repugnant offenses.

2. SAME—DUPLICITY is the joinder in a single count of two or more distinct offenses. It is permissible to charge two or more offenses in separate counts of the same indictment; but this court disapproves of charging a felony and a misdemeanor in the same indictment, even in separate counts.

APPEAL from the District Court of Williamson. Tried below before the Hon. E. B. TURNER.

The opinion sufficiently states the case.

No brief for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WHITE, J. The motion in arrest of judgment in this case is predicated upon the fact that the indictment "charges two distinct and different offenses known to our law, viz.: 1st, theft; and, 2d, the offense of illegal marking and branding; said two offenses being wholly independent of, and repugnant to, each other." There was no motion in the first

instance to quash the indictment, nor was there a motion made by defendant, before or at the trial, to have the state elect upon which of the offenses named the defendant would be prosecuted.

Now, it appears in the charge given by the court to the jury that they were specially instructed as follows: that "the defendant is being tried upon the count in the indictment which charges the theft of the colt, and the other count in the indictment has no bearing on the case." Again, they were instructed, in the opening sentence of the charge, that "the defendant is charged with the theft of a colt," and, in the last paragraph of the charge, they were told that "if you find the defendant guilty as charged with the theft of the colt you will say so and fix the punishment," etc.

There is no bill of exceptions or statement of facts in the record, and, as has been heretofore decided, where such is the case, on appeal, "the objections made by defendant will not be examined further than to see that the indictment will sustain the charge and finding of the jury." *Koontz v. The State*, 41 Texas, 571; *Brooks v. The State*, decided by this court at the present term.

Under this rule we feel fully warranted in presuming, from the charge of the court as above set out, and in the absence of anything to the contrary in the record militating directly against the presumption, that at the proper time an election was made, by the prosecution, of the offense for which defendant would be tried, and that the state elected to try him for the theft of the colt, and for no other offense. The charge of the court presented the law applicable to that offense, and the finding of the jury was responsive to the charge.

It only remains to be inquired and determined whether this could be done under the indictment. In other words, the questions suggesting themselves are, whether or not the indictment was or was not, *per se*, fatally defective because

it charged two separate and distinct offenses; and in the second place, if it was defective, could the defect be reached, as was attempted, by the objections being raised for the first time on motion in arrest of judgment.

The two offenses charged were charged in separate and distinct counts, and so charged as that the indictment would have been good for either, without reference to the other. The question is not one of duplicity *vel non.*  "Duplicity in an indictment is the joinder of two or more distinct offenses in one, count."  As a general rule, this the criminal law never permits, though there may be some rare exceptional cases.  1 Bishop on Cr. Pro., sec. 432; 1 Whart. Am. Cr. Law, sec. 382; *The State* v. *Dorsett,* 21 Texas, 656.

That it is permissible to charge, in separate counts, two or more offenses in the same indictment, seems to be an established rule, as laid down by the standard authorities in this country.   See 1 Bishop on Cr. Pro., ch. 32; 1 Archb. Cr. Pro., sec. 39.

And Mr. Wharton says: "It cannot be objected in error that two or more offenses of the same nature, on which the same or a similar judgment may be given, are contained in different counts of the same indictment; nor can such objection be maintained either on demurrer or arrest."   1 Whart. Am. Cr. Law, sec. 415.   And again: "In cases of felony, where two or more distinct offenses are contained in the same indictment, it may be quashed, or the prosecutor compelled to elect on which charge he will proceed; but such election will not be required to be made where several counts are introduced solely for the purpose of meeting the evidence as it may transpire, the charges being substantially for the same offense."   1 Whart. Am. Cr. Law, sec. 416.   He further says: "The general rule is, if the legal judgment on each count would be materially different, as in felony and misdemeanor, then the joinder of several counts would be

bad on demurrer, in arrest, or on error. But the objection may be cured, at the trial, by taking a verdict on the counts only that can be joined." Sec. 418. These rules have heretofore been adopted and approved as correct by our supreme court in the case of *King Fisher* v. *The State*, 33 Texas, 792.

Viewed in the light of, and measured by the standard of, these authorities, the indictment in this case was not defective because it charged two separate and distinct offenses, one a felony and one a misdemeanor, in two separate and distinct counts. This court, however, takes occasion to express its disapprobation of such pleading when the same might be so easily avoided by the pleader's acquainting himself, as he should always do, in advance of the preparation of the indictment, of the nature of the offense for which the accused should be indicted and tried.

When placed upon trial, as we have already seen, defendant did not move to quash the indictment. Whether a formal election or *nolle prosequi* was required of and made by the prosecution, or not, the court seems to have conducted the trial in a manner equivalent to such a course, and one which fully protected the rights of defendant.

That the objection to the indictment could be raised by motion in arrest of judgment, as was done in this case, we think is settled by the above authorities cited, and by the provision of our Code of Criminal Procedure, Article 3143, Paschal's Digest: "A motion in arrest of judgment shall be granted upon any ground which would be good upon exception to an indictment or information for any substantial defect therein."

But, for the reasons above stated, the errors complained of are not tenable, and the judgment is, therefore, affirmed.

*Affirmed.*