## D. HENDERSON *v.* THE STATE.

1. INDICTMENT.—If in the same indictment one offense be sufficiently charged, and also a different offense be defectively set out, the latter will be treated as surplusage.

2. SAME.—When an indictment embraces several counts, of which one is good and the others bad, and a general verdict of guilty be rendered, the law

imputes the verdict to the good count, and judgment thereupon will be sustained.

3. AGGRAVATED ASSAULT.—A conviction for an aggravated assault may be had under an indictment for assault with intent to murder.

APPEAL from the Criminal Court of the city of Bonham. Tried below before the Hon. J. Q. CHENOWITH.

The jury assessed a fine of $100 against the appellant.

No brief for the appellant.

*H. H. Boone*, Attorney General, and *W. B. Dunham*, for the State.

WINKLER, J.  The indictment in this case is believed to be sufficient to sustain the verdict and judgment of conviction for an aggravated assault.

An indictment which charges, in two separate counts, two separate and distinct offenses would be bad, for duplicity. *The State* v. *Dorsett*, 21 Texas, 656 ; *The State* v. *Smith*, 24 Texas, 286 ; *The State* v. *Edmondson*, 43 Texas, 165.  But even then it would depend on the nature of the case whether the indictment would be quashed or the prosecutor be required to elect.

If, however, in an indictment claimed to be duplicitous, one offense be sufficiently charged, and another be defectively set out, that portion setting out in an insufficient or defective manner an offense differing from that properly set out, that portion of the indictment which fails to properly charge such different offense will be treated as surplusage. *The State* v. *Dorsett*, 21 Texas, 656 ; *The State* v. *Coffey*, 41 Texas, 46.

When an indictment embraces more than one count, part good and part bad, and a general verdict of guilty be rendered, judgment will be rendered, notwithstanding the defective counts—the law indulging in favor of the verdict the

presumption that it was rendered upon the good count. *King* v. *The State*, 10 Texas, 281.

The indictment in the present case is sufficient to charge an assault with intent to murder, and under it a conviction could legally be had for an aggravated assault, on the ground that the lesser grade of offense—viz., an aggravated assault— is included within the principal offense charged—viz., an assault with intent to murder. Penal Code, Art. 498. (Pasc. Dig., Art. 2160.)

The only questions presented by the record for considera- tion arise on the motion in arrest of judgment, to the over- ruling of which a bill of exceptions was taken at the trial, and is embodied in the record. This is the only bill of exceptions in the transcript. There has been no appearance here on the part of the appellant. If there was a motion for a new trial the record does not set it out.

We are of the opinion the evidence is not conclusive of the guilt of the accused, but there is nothing in the record which would authorize us to inquire into the subject.

The matters presented in the motion in arrest of judg- ment are not deemed sufficient to warrant a reversal of the judgment rendered. The judgment of the court below is affirmed.

*Affirmed.*