## J. Killingsworth v. The State.

1. Recognizance. — There being no offence specifically designated in the Code as "malicious mischief," a recital in a recognizance that the defendant is accused of "malicious mischief" is not a compliance with the statutory requirement that "the offence of which the defendant is accused be distinctly named in the bond." The omission, therefore, of such a designation of the offence is not a fatal defect in a recognizance otherwise sufficient.

2. Same — Duplicity. — A recognizance which recites that the defendant is accused of two distinct offences is bad for duplicity.

3. Case Stated. — Recognizance for an appeal recited that the defendant was accused of "the offence of wilfully and wantonly beating and bruising one gelding, with intent to injure the owner." Held, that this recital is duplicitous because, omitting the word "wantonly," it describes the offence defined in art. 2344, Paschal's Digest; and, omitting the clause "with intent to injure the owner," it describes the offence defined in the next ensuing article.

Appeal from the County Court of Henderson. Tried below before the Hon. W. S. Faulk, County Judge.

*Adams & Coyner*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

White, J. Two grounds appear in the motion of the assistant attorney-general to dismiss this appeal for the want of a proper and sufficient recognizance.

With regard to the first, it would undoubtedly have been the better practice to have inserted in the recognizance the fact that the cognizor was charged with "malicious mischief." But "malicious mischief" *per se* and *eo nomine* is not defined as a specific offence in our Penal Code, and simply to state the offence as "malicious mischief" would not be sufficient. *McLaren* v. *The State*, 3 Texas Ct. App. 680. To make the charge sufficient where it is named as "malicious mischief," it must in addition be followed in the recognizance by a direct statement of the matters and things which would constitute the offence under some one

of the several articles of the statute. When the offence is set forth, however, by a direct statement of the matters and things with which the defendant is charged, and they constitute any one of the statutory offences, then the statute which requires that the offence with which the defendant is charged shall be named in the recognizance is sufficiently complied with, though it be not in fact called by its distinctive name. *Turner* v. *The State*, 41 Texas, 549. If the recognizance in this case were otherwise good, we do not think it would be bad simply because it failed to name the offence charged in terms as " malicious mischief."

But we are of opinion that the second ground of the motion is well taken, and that the recognizance is duplicitous, and contains two distinct offences in the description of the charge as therein set forth

As stated in the recognizance, the offence is " wilfully and wantonly beating and bruising one gelding, with intent to injure the owner." If the word " wantonly " be stricken out of the charge in the recognizance, then the offence would be the one described in Paschal's Digest, art. 2344, where the mischief is the injury done the owner, and where the punishment is not less than three nor more than ten times the amount of such injury. On the other hand, if the words " with intent to injure the owner" be stricken out of the charge in the recognizance, then we have the offence defined in art. 2345, Paschal's Digest, where the malice and injury are directed towards the animal itself, and where the punishment is by fine not exceeding $250. The charge, therefore, as set out in the recognizance, " is demonstrably obnoxious to the objection of duplicity."

Where a similar objection was raised to an indictment in the case of *The State* v. *Dorsett*, Wheeler, J., said: "If the indictment did not contain a complete description of two offences, the words applicable to that in respect to which the charge was incomplete might be stricken out as surplusage, on authority of the case cited on behalf of the

State from *The People* v. *Lohman*, 2 Barb. 216. But the description of both offences is complete, and there is no escaping the conclusion that the indictment is bad for duplicity." 21 Texas, 656.

Because the recognizance is bad for duplicity, the motion of the assistant attorney-general is sustained, and the appeal is dismissed.

*Appeal dismissed.*