## Jim Irving v. The State.

1. Indictment—Joinder of Offences.—Two or more offences may be charged in separate counts of the same indictment.
2. Same.—By one count of an indictment the defendant was charged with theft of money belonging to one P., and by another count with theft of the same kind and amount of money, at the same time and place, from an owner unknown to the grand jury. *Held*, that both counts charge but one offence.

Appeal from the District Court of Walker.   Tried below before the Hon. W. D. Wood.

The opinion states the case.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

Winkler, J.   The appellant was tried and convicted of theft of money, on an indictment containing two counts. The first count charges that the money alleged to have been

stolen belonged to one Frank Pierce; the second count alleges that it belonged to some person to the grand jurors unknown.

The defendant excepted to the sufficiency of the indictment, on the following grounds: " 1. Because the offence is not set forth in plain and intelligible words. 2. Because, as concerns the second count, it does not appear that the court has jurisdiction to try the case. 3. Because said indictment is duplicitous in that it charges two separate offences if it charges anything." The objections to the indictment were overruled by the court, and the ruling is assigned as error. It is not necessary that we consider the first two grounds of exception to the indictment further than to say they are untenable.

With regard to the third ground, the objection being that the indictment charges two separate offences if it charges any offence, we are of the opinion that the indictment is not obnoxious to the objection, and that instead of charging two separate offences it charges but one. The two counts charge the theft of the same amount and kind of money, averred to have been taken at the same time and place, and by the same person, and vary from each other so far as to meet the testimony with regard to the ownership of the money alleged to have been stolen by the defendant, but no further. Mr. Wharton says: "It cannot be objected in error that two or more offences of the same nature, on which the same or a similar judgment may be given, are contained in different counts of the same indictment; nor can such objection be maintained, either on demurrer or arrest." Whart. Cr. Law, sect. 415. It is true that, as a general rule, the criminal law never permits the joinder of two or more distinct offences in one count. 1 Bishop's Cr. Proc., sect. 432; Whart. Cr. Law, sect. 382; *The State* v. *Dorsett*, 21 Texas, 656. But, as was said by this court in *Weathersby* v. *The State*, 1 Texas Ct. App. 645, on the authority of Mr. Bishop and Mr. Archbold, " that it is permissible

to charge, in separate counts, two or more offences in the same indictment, seems to be an established rule, as laid down by the standard authorities, in this country." There was no question raised as to an election, in the present case. There was no error in refusing to quash, or in overruling·the defendant's exceptions to the indictment.

The objection to the charge of the court based on the second count in the indictment falls with the ruling on the exceptions to the indictment. Other supposed errors are assigned, which have been considered, but are not necessary to be discussed. There is no valid objection to the conviction of the appellant, and the judgment is affirmed.

*Affirmed.*