Opinion delivered April 13, 1889.

## No. 6251.

### JOHN WEST v. THE STATE.

1. PRACTICE—INDICTMENT.—The State abandoned all but the last count in the indictment. The defense maintains that the effect of such abandonment is to eliminate the caption of the indictment and leave the last count insufficient to charge an offense because it does not commence, "In the name and by the authority of the State of Texas," and does not charge that it was presented by a grand jury of Wilbarger county. *Held*, that the proposition is hypercritical, and that the caption and commencement of an indictment apply to and constitute a part of each and every count contained therein.

2. SAME—THEFT.—The bringing by the thief into a county of this State of property stolen in another State constitutes, under our law, theft in the county into which the stolen property is brought; and one who gives aid to the thief in such county, after the stolen property is brought into it, is guilty as an accessory to the theft.

3. SAME—EVIDENCE.—Inasmuch as an accessory, whose principal is in ar-
rest, can not be tried and convicted until after the trial and conviction
of the arrested principal, it devolves upon the State, in the trial of
the accessory, to show the conviction of the principal. And to make
such proof in this case, the court properly permitted the State to in
troduce in evidence the verdict and judgment of conviction rendered
against the principal.

4. ACCESSORY TO THEFT—FACT CASE.—See the statement of the case in
Williams v. The State, ante, 466, for evidence *held* sufficient to support
the conviction of an accused charged as an accessory to theft.

APPEAL from the District Court of Wilbarger. Tried below
before the Hon. P. M. Stine.

The same witnesses who testified on the trial of John Wil-
liams, and whose testimony is set out in full in the report of that
case (ante, p. 466) testified to the same facts on the trial of this
appellant, the witness Hammond, in addition to testimony on
the trial of Williams, testifying that when he arrested Wil-
liams and the defendant, the defendant said to him: "If I
had known you was after me, you damned son of a bitch, I
would have made it hot for you."

No brief on file for appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

WILLSON, JUDGE. This conviction is for being an accessory
to the theft of two horses, said theft having been committed
by John Williams in New Mexico, and the stolen horses having
been brought by him into Wilbarger county, where the defend-
ant gave the said Williams aid in order that he might evade
an arrest, etc., for said theft. (Penal Code, art. 86.) Some of
the questions presented in this case have been discussed and
determined in Williams's case, just decided, and will not be
further noticed. (Williams v. The State, ante, 466.)

As presented by the grand jury, the indictment contained
several counts. Prior to the trial the district attorney, with
the permission of the court, abandoned and dismissed all the
counts except the last one, charging the defendant as an acces-
sory to the theft. It is contended by defendant that as the first
count of the indictment had been dismissed, the last count was
insufficient because it did not commence "in the name and by
authority of the State of Texas," and did not allege that the same

was presented by a grand jury of Wilbarger county, etc. These objections are not sound ones. The commencement and caption are to be considered not only as a part of the first count, but as a part of each and all the counts in the indictment, and may be referred to and considered in aid of any count. They constitute a part of the entire indictment. Counts are independent of each other, and the first or any other may be quashed or dismissed without affecting the remainder. (Willson's Crim. Stats., sec. 2003.)

Another ground of exception urged to the last count in the indictment is that it charges no offense against the law, because it charges defendant with being accessory to a theft committed, not in this State, but in New Mexico. This exception is not a good one. When the principal, Williams, brought the stolen horses into Wilbarger county, he was guilty of the theft of said horses in that county (Penal Code, art. 798), and, such being the law, defendant became an accessory to such theft if he aided the defendant as charged in the indictment. We are of the opinion that there was no error in overruling the exceptions of the defendant to the indictment, nor in overruling his motion in arrest of judgment.

It was not error to permit the State to read in evidence the verdict and judgment showing the conviction of Williams of the theft to which defendant was charged with being accessory. It was essential that the State should prove the conviction of the principal, because said principal, being in custody, had to be tried and convicted before the accessory could be tried and convicted. (Penal Code, art. 90.) And for this purpose, if for no other, the verdict and judgment were admissible in evidence.

Several bills of exception in the record complain of other errors committed in the admission of evidence. We have carefully considered the questions presented by the bills, and without referring to them separately, and without consuming time in their discussion, we will merely state that our conclusion is that in his rulings upon evidence the trial court committed no material error.

We have also examined the charge of the court in the light of the objections made to it by the defendant, and we think it explained to the jury the law of the case sufficiently and correctly, and that the special instructions requested by defendant were properly refused.

We have also carefully considered the evidence in the case, and, in our judgment, it supports the conviction. The judgment is affirmed.

*Affirmed.*