FRANK STEBBINS AND JOE McFARLAND v. THE STATE.

*No. 531. Decided November 23.*

1. **Pleading—Indictment—Conclusion of Counts.**—It is not required, nor is it necessary, that each count contained in an indictment should conclude, "against the peace and dignity of the State," but only that the indictment or information as a whole should so conclude.

2. **Indictment—Fornication.**—Where in an indictment for fornication it was alleged that "neither of said persons being then and there married to another person then living," *held,* that this allegation sufficiently avers the fact that the defendants were unmarried persons.

3. **Misdemeanor—Indictment or Information—Election Between Counts.**—The practice of requiring an election between counts does not obtain in misdemeanor cases.

4. **Remarks of Counsel.**—See remarks of the county attorney, reported in the opinion, which are held not to be obnoxious to the objection that they alluded to the failure of defendants to testify in their own behalf.

APPEAL from the County Court of Smith. Tried below before Hon. B. B. BEAIRD, County Judge.

On a trial under an indictment charging them with fornication, appellants were found guilty, and each of them fined in the sum of $200.

It is unnecessary to state the facts in the case.   The questions raised by bills of exception are sufficiently stated in the opinion of the court.

*G. C. White*, for appellants.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, Judge.—Appellants were, in separate counts, indicted for the offense of adultery and fornication.   The trial resulted in their conviction of fornication, and assessment of the punishment at a fine each of $200.   Motions to quash the indictment and in arrest of judgment were urged and overruled.

The contention of appellants is, that each count must commence and conclude as if it were the only count contained in the indictment, and, inasmuch as each count in the indictment does not comply with this requirement, it is duplicitous, and is contradictory of and repugnant to the other counts. These questions have been settled adversely to the position assumed by appellants, and it is no longer an open question.   West v. The State, 27 Texas Ct. App., 472; Mason v. The State, 29 Texas Ct. App., 24; Boren v. The State, 23 Texas Ct. App., 28; Boles v. The State, 13 Texas Ct. App., 650; The State v. Dorsett, 21 Texas, 656; Weathersby v. The State, 1 Texas Ct. App., 643; Waddell v. The State, Id., 720; Barnwell v. The State, Id., 745; Irving v. The State, 8 Texas Ct. App., 46; Mathews v. The State, 10 Texas Ct. App., 279; Dovalina v. The State, 14 Texas Ct. App., 312; Bean v. The State, 17 Texas Ct. App., 60; Shubert v. The State, 20 Texas Ct. App., 320; Chester v. The State, 23 Texas Ct. App., 577; Keeler v. The State, 15 Texas Ct. App., 111; Laroe v. The State, 30 Texas Ct. App., 374; Welhousen v. The State, 30 Texas Ct. App., 623; Alexander v. The State, 27 Texas Ct. App., 533.

It is not required, nor is it necessary, "that each count contained in an indictment should conclude, 'against the peace and dignity of the State,' but only that the indictment or information as a whole should so conclude."   Alexander v. The State, 27 Texas Ct. App., 533; West v. The State, 27 Texas Ct. App., 472.

It is also urged that the different counts charging fornication are fatally defective, in that they do not expressly aver that defendants were unmarried, and do not negative the fact that they were married to each other.   Both counts allege that "neither of said persons being then and there lawfully married to another person then living."   This allegation sufficiently avers the fact that defendants are unmarried persons.   It would be difficult to perceive how they could be married to each other without being at the same time "married to another person then living;" and if not married to another person then living, they are evidently unmarried persons, and not married to each other.   It would hardly be

contended that defendants, one being a woman and the other a man, are one and the same person.

The court did not err in refusing to require the prosecution to elect upon which count a conviction would be asked.   In misdemeanor cases a joinder of offenses will not, in general, vitiate in any stage of the prosecution, and in such cases the practice of quashing the indictment, or requiring the prosecution to elect on which count a conviction will be sought, does not obtain.   Waddell v. The State, 1 Texas Court App., 720; Gage v. The State, 9 Texas Court App., 259; Day v. The State, 14 Texas Ct. App., 26; Alexander v. The State, 27 Texas Ct. App., 533.

Counsel for appellants several times during the trial attacked and criticised the indictment, and among other things said to the court, "it was unlike anything called an indictment he had ever before seen or heard of."   The question at issue was the sufficiency of the indictment, and the remarks were addressed to the court upon this issue, and not to the jury. Replying to these remarks, among other things, the county attorney said of the indictment:   "It is built on the order of a bear trap, to catch them 'a-comin' and 'a-goin',' and in cases of this kind such indictments are generally necessary; for if two persons be indicted for adultery alone, all they have to do to defeat the prosecution would be to go upon the stand and testify that neither of them is married; and if they be indicted for fornication alone, and the man should go on the stand and testify that he had a wife living in Indiana, Arkansas, or somewhere else, or the woman should testify that she had a husband living in Louisiana, Texas, or somewhere else, then the bottom would be knocked out of the case. But under an indictment framed as this one is, if the defendants undertake to jump out of the frying pan they jump into the fire."

We can not agree with counsel for defendants, that the remarks were a commentary on or an allusion to the failure of the defendants to testify in their own behalf    The evidence in this case supports the conviction, and the judgment is affirmed.

*Affirmed.*

Judges all present and concurring.