GEORGE DANCEY v. THE STATE.

*No. 833. Decided February 5th, 1896.*

*Motion for Rehearing Decided March 25th, 1896.*

1. **Gaming—Information—Two Counts to—Plea of Guilty as to One—Practice.**

Where an information contained two counts, one for betting at a gaming table and bank, and the other for keeping and exhibiting the same, and defendant pleaded guilty as to the first count. Held: Such plea would not forestall or avoid a trial upon the second count; and the court did not err in proceeding with the prosecution upon both counts. A defendant, by pleading guilty to a smaller offense, cannot thus prevent a trial as to a greater offense legally charged in the same indictment or information.

2. **Counts in Indictments and Informations—Commencement and Conclusion.**

The statutes, Code Crim. Proc., Arts. 439, 466, as to the requisites of the commencement and conclusion of indictments and informations, do not refer to the counts, and it is not necessary that each count should contain formal commencements, presentments and conclusions. The first count, if it contains a proper beginning, may always be looked to to supply, if necessary, such allegations as to the commencement in any subsequent count.

APPEAL from the County Court of Dallas. Tried below before Hon. T. F. NASH, County Judge.

This appeal is from a conviction for keeping and exhibiting a gaming table or bank for purposes of gaming, the punishment assessed being a fine of $25 and ten days' imprisonment in the county jail.

The information contained two counts, the first charging unlawful betting at a gaming table and bank kept for gaming purposes. The second, the unlawful keeping and exhibiting such bank. In defendant's motion to quash, the second ground of objection was, that "the same does not appear to have been presented by the County Attorney of this county, nor does it appear to be presented in any court having jurisdiction of the offense charged." The second count was as follows: "And the County Attorney presents, on said date, in said county and State, George Dancey did unlawfully keep and exhibit for purposes of gaming, a gaming table and bank," etc.

The facts illustrative of the points decided are sufficiently stated in the opinions of the court.

*Martin W. Littleton, Oeland & Smith,* for appellant.—One of the requisites of an information prescribed by our Code of Criminal Procedure is that it shall appear to have been presented in a court having jurisdiction of the offenses set forth, and a failure to comply with this provision of the Code of Criminal Procedure renders the information invalid. Code Crim. Proc., Art. 430, subdiv. 2; Thomas v. State, 18 Tex. Crim. App., 213; Bowen v. State, 28 Tex. Crim. App., 498. The court erred in allowing proof to be introduced in support of the second count of the information after the defendant had plead guilty to the first count in said information because the defendant could not be

found guilty under both counts, and because these are separate and distinct offenses and not grades of the same offenses, and the defendant having placed himself in jeopardy on the first count could not be placed in jeopardy in the same trial for another and different offense.

The offense of betting at a gaming table and bank kept and exhibited for the purposes of gaming, and the offense of keeping and exhibiting a gaming table and bank for the purposes, are not different degrees of one and the same offense, and neither of these in law include the other, and to be guilty of one of these precludes the possibility of being guilty of the other by one and the same act. The defendant cannot be convicted of more than one offense in one prosecution, nor can he be placed in jeopardy upon two different and distinct offenses in the same prosecution. Art. 714, Code Crim. Proc.; John Askey v. State, 20 Tex. Crim. App., 443.

*Mann Trice*, Assistant Attorney-General, for the State.—The caption of the information shows into what court the presentment was made. This applies to and constitutes a part of each and every count therein contained. West v. State, 27 Tex. Crim. App., 472; Alexander v. State, 27 Tex. Crim. App., 533; Morgan v. State, 31 Tex. Crim. Rep., 1.

The joinder of separate and distinct offenses in one indictment in separate counts is not only permissible, but the practice has been commended by this court.

The case of Hall v. State, 32 Tex. Crim. Rep., 474, is a complete answer to appellant's proposition that the defendant cannot be convicted for more than one offense in one prosecution, or be placed in jeopardy upon two distinct offenses in the same prosecution.

By the practice everywhere distinct prosecutions may be joined in separate counts by one indictment to be followed by one trial for all and a conviction for each separate offense the same as though all were charged in the same terms in separate indictments. 1 Bish. Crim. Proc., 452, and authorities cited by Judge Hurt, 32 Tex. Crim. Rep., 476.

HENDERSON, JUDGE.—The appellant was tried on an information containing two counts, the first of which charges that appellant did unlawfully bet and wager at a gaming table and bank then and there kept for the purpose of gaming; and the second charges that the appellant did unlawfully keep and exhibit for the purpose of gaming a gaming table and bank, contrary, etc. Appellant pleaded guilty to the first count in the information, and asked that the second count be ignored, and that the jury be required to return a verdict against him on the first count, on his plea of guilty thereto. The court refused to take this course, but proceeded with the trial on both of the said counts, and the evidence was offered in the case. The court gave a written charge covering both counts in the information. The jury found the defendant guilty under the second count of the information, and assessed his punishment at a fine of $25 and ten days' imprisonment in the county jail. The appellant complains of this action of the court, and insists that he

had a right to enter his plea of guilty to the first count, and forestall any action on the part of the State as to any prosecution under the second count of the said information. If this were true, it would always be within the power of a defendant, where there were more counts than one in an information or indictment, to enter a plea of guilty to a count charging the smallest offense and the least punishment, and so prevent any trial as to any other count in the information or indictment. We do not understand such to be the rule of the law. It is competent for the State to present together in the same information or indictment two or more of such charges as were contained in this case; and in the case of a plea of guilty to any one count it is proper for the court, as was done in this case, to receive such plea, and then proceed with the trial as to the other counts in the indictment, and submit the whole case to the jury. The evidence in this case, in our opinion, was sufficient to authorize the finding of the jury on the second count of the indictment. The court submitted this count to them, as well as the first count. The action of the court was proper, and the finding of the jury will not be disturbed. The judgment is affirmed.

*Affirmed.*

---

### ON MOTION FOR REHEARING.

HENDERSON, Judge.—On motion for rehearing, appellant contends that the second count of the information, which is the one on which the appellant was convicted, does not show in what court it was presented. The information, in that respect, shows the beginning of the second count to be as follows: "And the County Attorney presents on said date in said county," etc. On this question appellant refers us to Bowen v. State, 28 Tex. Crim. App., 498. This was a case in which there was but one count, and the indictment does not show in what court the same was presented. Mr. Bishop says, "That each count must contain the necessary commencement—leaving off the caption—and the conclusion, as against the statute, or as against the peace and dignity of the State." He says, "As a rule, any count from which the commencement is omitted is bad." "In practice," he says, "the commencement is generally abbreviated, after the first count, to read, 'The jurors aforesaid, on their oath aforesaid, do further present.'" See, Bishop's New Crim. Proc., § 429. By reference to the same author, it will be seen that, in stating the form of an indictment containing more than one count, the second count begins as above stated. See, Bishop's New Crim. Proc., § 132. So that it would appear that the commencement of this indictment in the second count, according to Mr. Bishop, is sufficient, without stating in what court the same was presented. Our statute on the form of indictments and informations states the requisites as to the beginning and concluding parts of each. See, Rev. Code Crim. Proc., Arts. 439, 466. This does not refer to the counts in an information or an indictment. It has been held by our court that it is not necessary

that each count of an indictment shall contain the concluding part thereof,. "against the peace and dignity of the State." While it has been decided that each count, as to the charging part, is independent of every other count, still the preceding count or counts may be looked to, to. supply auxiliary allegations—to supply defects in the subsequent counts. See, Boren v. State, 23 Tex. Crim. App., 28; Boles v. State, 13 Tex. Crim. App., 650. In West v. State, 27 Tex. Crim. App., 472, it was. held that where the District Attorney abandoned and dismissed the preceding counts, including the first count, and the trial proceeded on a subsequent count, it was not necessary that such subsequent count should begin, "in the name and by the authority of the State of Texas," but that the first count, though dismissed, could be looked to for this allega-. tion. The court say in that case. "The commencement and caption are to be considered, not only as a part of the first count, but as part of each and all counts in the indictment, and may be referred to and considered in aid of any count. They constitute a part of the entire indictment." In Morgan v. State, 31 Tex. Crim. Rep., 1, it is held that the first count may be looked to, on a prosecution of the subsequent count,. to supply the date of the commission of the offense. While it is not. necessary in this case to go to the extent in the last case cited, yet we think, on principle and on authority, there can be no question that, as to a mere matter of form, the first count can be looked to, to help out the. want of an allegation in the subsequent count. As we have seen, by Mr. Bishop, the commencement in the count before us is sufficient; and our own decisions go much further in this respect than does the text-book writer just quoted. We think the second count of the indictment, under which the appellant was convicted, in itself, is sufficient, as against the criticism urged by the appellant, and that, if it were not, we could recur to the first count of the information for the purpose of helping out the defect suggested. The motion for a rehearing is overruled.

*Motion Overruled.*