## R. M. Todd v. State.

### No. 2308.   Decided March 19, 1913.

**1.—Occupation—Local Option—Talesman—Sheriff.**

Where the sheriff was not disqualified to summon jurors in the case, the judge of the court was not authorized directly or indirectly to set him aside, as such officer, and appoint a private citizen to discharge the duties of sheriff in summoning talesman, and the same was reversible error; and the fact that the sheriff may have had a heated campaign for renomination did not disqualify him to summon jurors.

**2.—Same—Evidence—Agreement in Other Case.**

Upon trial of unlawfully pursuing the occupation of selling intoxicating liquors in local option territory, it was reversible error to introduce in evidence an agreement between defendant and the county attorney in another case, in which defendant was charged with violating the local option law, and which agreement provided that defendant would not engage in the business of selling intoxicating liquors in the county of the prosecution while local option was in force in said county, etc., all of which had no connection with the instant case.

**3.—Same—Charge of Court—Limitation.**

Where the charge of the court authorized the jury, with reference to the question of limitation, to convict for any offense that may have been com-

mitted more than three years prior to the time the indictment was presented, the same was error.

#### 4.—Same—Charge of Court—Intoxicating Liquors—Beer.

In the absence of proof on the subject as to whether beer was intoxicating or non-intoxicating, the court judicially knows and determines that beer is an intoxicant. Following Moreno v. State, 64 Texas Crim. Rep., 660, and other cases. Davidson, Presiding Judge, dissenting.

Appeal from the District Court of Young. Tried below before the Hon. P. A. Martin.

Appeal from a conviction of engaging in the business and occupation of selling intoxicating liquors in local option territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*M. M. Brooks* and *Kay & Akin*, for appellant.—On the question that it must be proved that beer is an intoxicating liquor: Schwulst v. State, 108 S. W. Rep., 698; Potts v. State, 50 Texas Crim. Rep., 368, 97 S. W. Rep., 477; Racer v. State, 73 S. W. Rep., 807.

*C. E. Lane,* Assistant Attorney-General, for the State.—Cited cases in opinion.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of pursuing the business of selling intoxicating liquors in local option territory.

1. When the case was called for trial the district judge stated to the sheriff that there were certain criticisms that the court thought would be made against the sheriff in case he, the sheriff, summoned the talesmen, and suggested to the sheriff that he ought not to select the talesmen; whereupon the sheriff did not select talesmen and the court swore one Bill Johnson who was not an officer and who was not authorized to summon jurors, to select talesmen, which he proceeded to do, bringing into court as talesmen extreme prohibitionists living in and around Graham and entertaining, as shown in bill of exceptions No. 1, prejudices and opinions against defendant's business. Appellant exhausted his peremptory challenges and was not aware of these matters occurring between the sheriff and the district judge until after the selection of the jury and did not challenge the talesmen on account of such matters. The court qualifies the bill by stating that he had been informed by the sheriff, who had recently been through a primary election and had been renominated, that certain parties had accused him of standing in with Todd and failing to do his duty in the enforcement of the local option law. The court had heard these statements from various sources. So when it became necessary to summon some talesmen to fill out the jury, the court suggested to the sheriff, that if he, the court, were in his place, he would have one of his deputies perform this service in this case. This, the court did, as a friendly suggestion to Mr. Brown. Mr. Brown then asked

the court to swear in Mr. Johnson to perform this duty. The court further states that Mr. Johnson is an estimable citizen of the county and had been attending the court, etc. The court states as to whether the talesmen summoned were or were not prohibitionists, that some of them were and some were not prohibitionists; but all the talesmen summoned, in the opinion of the court, were fair and impartial men. We are of opinion that this bill shows such error that for this reason this conviction ought not to be permitted to stand. The sheriff of the county is elected to serve the process of the court and to do other things incumbent upon him as sheriff, and the fact that he may have been through a heated campaign and won his renomination is no reason why he should have been disqualified to summon talesmen. It has not been provided with reference to this officer that it shall be a disqualification to the discharge of the duties of his office, that his race may have been more or less heated for nomination or election. If this were true the bulk of the officers of Texas would be disqualified from discharging the duties of their offices. There must be something more than this. Our Constitution and laws, either or both, have provided instances in which officers may be disqualified. This is usually by relationship, by consanguinity or affinity or interest of some sort in the case under investigation. The sheriff of Young County was not disqualified to summon jurors in the case, and the judge of the court was not authorized, directly or indirectly, to set him aside as such officer and appoint a private citizen or any other, to discharge the duties of sheriff because of the fact that he may have had a heated campaign for renomination.

2. There is another question presented by bill of exception, towit; that appellant entered into an agreement with the county attorney in another case in which he was charged with violating the local option law,—first, that that case should be continued indefinitely as provided in subsequent provisions of the agreement; second, that appellant agreed that he would not engage in the business of selling intoxicating liquors in Young County while local option was in force in said county; third, that he would not keep intoxicating liquors on hand or about his premises for sale and would not allow the same to be kept or sold by others, and that he would not order the same for others, and that the sheriff of Young County could at any time examine his place of business and if any quantity of intoxicating liquors should be found thereupon or thereabouts this agreement should be held to be a plea of guilty to the case above mentioned; fourth, that if appellant should be hereafter convicted of selling intoxicating liquors, then this agreement should be held and be a plea of guilty to the cause above mentioned; that the cause above styled and numbered shall be held to be suspended so long as appellant does not break the agreement. This was entered into and agreed to and signed by appellant and Fred T. Arnold, as county attorney. Many objections were urged against the introduction of this agreement: First, that it was

made in another case in the County Court; second, that it contained no admissions or declarations; third, that from such instrument the jury might infer in a general way that the defendant had previous to such an agreement been violating the law; fourth, because the court failed to limit the agreement as to time; fifth, because it was incompetent, immaterial and irrelevant; sixth, because its use and admission was an act of bad faith on the part of the State; seventh, because no sales were shown by any testimony to have been made after the making of said agreement; eighth, because the same was highly prejudicial to the defendant and the court overruled the objection and admitted it. It is unnecessary and would serve no useful purpose to take up these grounds of objection seriatim. This agreement had no place in this case. That it was detrimental to the defendant is not to be questioned. We can not understand what the agreement appellant had with the county attorney in a case in the County Court for violating local option law, could have to do with a case in the District Court for pursuing the business of selling intoxicants without license. He was never tried in the County Court, so far as this agreement is concerned, and if he had been tried and convicted, this agreement would not be admissible against him in this case. A conviction could have been nothing but the verdict of the jury,—just the expression of an opinion and conclusion of a jury on the facts before them in another case.

3. Another question is suggested for reversal in regard to the charge of the court. This charge instructs the jury that if appellant, about the time charged in the indictment, and prior to September 12, 1912, which was the time of the filing of the indictment, and subsequent to the first day of August, 1909, unlawfully engage in and pursue, etc., they should find him guilty. This charge was error because it authorized the jury with reference to the question of limitation, to convict for any offense that may have been committed more than three years prior to the time the indictment was presented in court. While this may not have been a very serious matter in this particular case, yet where an offense is barred by a certain number of years, the court should not authorize a conviction for a longer period than that fixed by the statute as limitation.

4. The court charged the jury that whisky and beer are intoxicating liquors and their sale is prohibited under the provisions of the prohibition law of Young County. There was no evidence introduced that the "beer" was an intoxicant. The writer is clearly of the opinion that this charge was error. Under the Constitution, as well as the statute, before a person can violate the local option law in any of its provisions, the sale must be of intoxicating liquors. It is so provided by the Constitution, and the State must prove, in order to secure the conviction, that the party was selling intoxicants. The statute under which the defendant was indicted, provides that if appellant pursued the business, etc., of selling intoxicants, where

he is not by law authorized, he shall be guilty. The majority of the court in the Moreno case, 64 Texas Crim. Rep., 660, 143 S. W., 156, held that this court, in the absence of proof on the subject as to whether beer was intoxicating or non-intoxicating, would judiciously know and determine that beer was intoxicating. The writer can not agree to that, but under that authority this portion of the charge would not be error. In this particular case that was important, because appellant, if he violated the law under the facts, it was by reason of the fact that he sold one bottle of whisky and one bottle of beer. There is no evidence in the record to show whether the beer was a non-intoxicating or an intoxicating beverage. The writer dissented in the Moreno case, as he did in the Ex Parte Townsend case, 64 Texas Crim. Rep., 350, 144 S. W. Rep., 628, in regard to those matters and it is unnecessary to discuss them further here. The opinion of the majority as well as the dissenting opinion are shown in those cases.

For the errors indicated the judgment is reversed and the cause is remanded.

The majority adhere to the opinion in Moreno case as laying down the correct doctrine. They agree to the other propositions as decided.

*Reversed and remanded.*