JOE RATLIFF v. THE STATE.

No. 7675. Decided May 30, 1923.

Rehearing denied October 24, 1923.

1.—Aggravated Assault—Motor Vehicle—Information.

Where, upon trial of aggravated assault by collision by motor vehicle with gross negligence, the information followed approved precedent, there was no error in overruling a motion to quash. Following Tarver v. State, 83 Texas Crim. Rep., 275, and other cases.

2.—Same—Sufficiency of the Evidence.

Where, upon trial of aggravated assault by driver of motor vehicle, etc., the evidence, although conflicting, was sufficient to support the conviction, there was no reversible error.

3.—Same—Rehearing—Practice on Appeal.

Where there was nothing in the motion leading this court to believe that its disposition of the case was erroneous, the motion for a new trial must be overruled. The inadvertence in using the word west instead of east is hereby corrected.

Appeal from the County Court of Delta. Tried below before the Honorable L. L. James.

Appeal from a conviction of aggravated assault; penalty, a fine of $25.00.

The opinion states the case.

*Patterson & Patterson* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for aggravated assault; punishment fixed at a fine of twenty-five dollars.

The information charges an aggravated assault, using the terms prescribed by the Legislature in the Acts of 1917, Chap. 207, Sec. 35, in which it is declared that the driver of a motor vehicle upon a public highway "who shall willfully or with gross negligence, collide with, or cause injury to any other person upon such highway, he shall be guilty of aggravated assault."

We fail to discern any merit in the motion to quash the information. It is in line with the statute as construed by the opinion in the case of Tarver v. State, 83 Texas Crim. Rep. 275, written by Presiding Judge Davidson. See also Worley v. State, 89 Texas Crim. Rep., 393, 231 S. W. Rep., 391.

The alleged injured party Taylor testified that he was traveling in an automobile upon a public road described in the pleading; that

he .was going east and on observing a car approaching, he moved
his car to the south or the right-hand side of the road as far as
possible; that appellant's car was coming from the west, and just
before reaching Taylor, he turned into his (Taylor's) car, which
at the time was traveling.not more than eight miles an hour. Ap-
pellant's car was going at the rate of fifteen or twenty miles an
hour. Taylor was injured in the collision. There were several other
persons in the car. After the accident, appellant came to Taylor
and said: "Of course, I know I am to blame for it all." The wit-
ness said that as soon as appellant came, he smelt whisky; that there
was no whisky in his car and he smelt none until after the accident
and after appellant came to his car. He observed, however, no con-
duct indicating that appellant had been drinking whisky. The ac-
cident occurred at night. Other occupants of the car testified and
described the occurrence in substantial agreement with the testi-
mony of Taylor.

Appellant testified admitting the collision but controverting the
negligence. He saw Taylor's car and took a position on the road
which would enable him to pass without collision. He was driving
a Ford car and in high gear the lights on his car were less brilliant
than if in neutral or low gear. As he approached Taylor's car, the
lights thereon blinded him, and in the endeavor to shift the gear
or put it in neutral, his car swerved suddenly and caused the col-
lision. If the jury had accepted his theory, they might have con-
cluded that there was no negligence, or at least no gross-negligence.
There is nothing in the record to suggest that his conduct was wilful.
The State's witnesses described the surroundings and the physical
results of the collision upon the ground and the cars, also the width
and character of the road at the point of collision, and the jury would
have been justified in concluding that unless there was fault on
the part of the driver or the car he was driving became unmanageable
for some reason, there would have been no difficulty in passing
without injury. The evidence renders the nature and cause of the
collision questions of fact. On the whole case, we do not feel war-
ranted in overturning the verdict of the jury.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

October 24, 1923.

HAWKINS, Judge.—Appellant calls attention to an error in our
opinion wherein we said: "that appellant's car was coming from the

*west;"* it should have read that appellant's car was coming from the *east.*

We observe nothing in the motion leading us to believe our former disposition of the case to have been erroneous.

The motion for rehearing is overruled.

*Overruled.*