# MARCH 14, 1934

### O. L. Baisden v. The State.

No. 16253. Delivered January 31, 1934.
Rehearing Denied March 14, 1934.
Reported in 68 S. W. (2d) 1044.

The opinion states the case.

*Lockhart & Brown,* of Lubbock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for aggravated assault; punishment, a fine of two hundred dollars.

There are three counts in the information, each charging an aggravated assault. Counts one and three allege, in substance, that appellant was the driver of a truck on a public highway in Lubbock County of this state, to-wit: State Highway No. 137, and did committcommit an aggravated assault upon one Sullivan by then and there wilfully and with gross negligence colliding with and causing injury to said Sullivan. Count two charged appellant with driving such truck on such highway, and that he did negligently,—while operating said vehicle on his left side of said highway, * * * collide with said Sullivan, etc.

In his charge to the jury the trial court confined their right to convict to a finding that the collision was upon gross negligence, thus, in effect, eliminating count two from the consideration of the jury, though there was a reference in the opening

paragraph of the charge to the fact that the accused was charged in three counts, etc. The charge must be taken and considered as a whole, and we see no reason for concluding that the jury found appellant guilty under the second count, or that any injury was possible by reason of such reference in the charge.

Able counsel for appellant present in their brief, first, the proposition that the testimony does not support the averment that the alleged collision took place on a public highway. The facts show that it did take place on Highway 137, but at a point where said highway was under construction,—gates having been built across said highway. The facts further show that the gates mentioned had been opened by the construction company, and the highway at the point of collision was being then used by the public. We see no reason for putting a different construction upon the term "highway" as used in this statute,— from that placed on the same term in cases construing the law forbidding driving on public highways by persons intoxicated. In Nichols v. State, 120 Texas Crim. Rep., 219, we said that the designation "Highway" was used to differentiate such roads from private roads. See also Woods v. State, 119 Texas Crim. Rep., 352. We observe that both appellant and Sullivan, as well as other travelers were making use of said highway as public at the time.

Appellant's next proposition is that the testimony showed without dispute that the collision was the result of an unavoidable accident, and hence fails to make out a case against him. The trial court told the jury in his charge that if they found from the evidence that such collision was the result of an unavoidable accident, or if they had a reasonable doubt as to whether it was, they should acquit. Sullivan swore that appellant was driving some forty-five or fifty miles per hour at the time of the collision, and that he, witness, who was meeting appellant, pulled over so far on his side of the road that only his left wheels were on the caliche, his right wheels being off the caliche, and as near to the rocks piled on that side as he could get; that appellant was driving on Sullivan's side of the road, and pulled further over toward him, striking the left front corner of Sullivan's wagon with such force as to break the tongue of the wagon, break the mules loose, and knock the wagon thirty feet back up the road, throwing Sullivan a distance on some rocks and breaking his knee. An employee of the construction company testified for the state that at the point of collision the caliche topping on the road was twenty feet wide, and that it was about seven feet from the edge of the caliche

to where the rock piles began. Other evidence pro and con on the point under discussion, was before the jury, whose finding was not without testimony to support it. See Ratliff v. State, 95 Texas Crim. Rep., 511.

Appellant's third proposition relates to the insufficiency of the second count of the information, which we regard as not having been submitted to the jury, and which appellant had moved to quash.

The next contention is that the various counts of said information are all defective in not alleging that the injury inflicted was "less than death." The proposition is not sound. Examination of article 1149, P. C., which defines this offense, reveals that it expressly provides that for an injury less than death, the operator of the colliding car may be held guilty of aggravated assualt, but if death results the offense shall be homicide of some grade. Averment of the collision with gross negligence, and that by reason of same the accused committed an aggravated assault, appraised him of the charge against him and enabled him to prepare for trial, and, if necessary, to plead against a subsequent prosecution his jeopardy or former acquital, or conviction.

Complaint appears of the alleged failure of count three to state the date or place of the commission of the offense. All these matters are stated in count one, which in similar cases has been held to be sufficient. See Morgan v. State, 31 Texas Crim. Rep., 1; Dancey v. State, 35 Texas Crim. Rep., 615; Manovitch v. State, 50 Texas Crim. Rep., 263; Smoot v. State, 116 Texas Crim. Rep., 171.

Appellant has some complaints of the charge, but looking to same as a whole, we fail to see any error which could possibly be of any injury or harm to appellant's case. The charge submitted the defensive theory of unavoidable accident, and applied the law to the facts from the standpoint of the defense by telling the jury that unless they found that appellant was operating his truck with gross negligence at the time of the collision, they should acquit. There was practically no dispute over any other fact issue save those of accident and gross negligence.

Being unable to agree with any of appellant's contentions, and finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In the first paragraph of his charge the court told the jury that appellant was charged by complaint

and information in three counts with the offense of aggravated assault. In his motion for rehearing appellant insists that in view of said reference to the three counts, the case was submitted in such language that it authorized a conviction under the second count, which appellant contends did not charge an aggravated assault.

The first count charged that appellant drove a truck upon a designated highway "and did then and there commit an aggravated assault in and upon the person of Robert N. Sullivan by then and there wilfully and with gross negligence colliding with and causing injury to the person of the said Robert N. Sullivan," who was then and there upon the said highway. In no other count does the word "wilfully" appear. The court in his charge told the jury in substance that the driver of a motor vehicle upon the highways who "wilfully" or negligently collided with and caused injury less than death to another was guilty of an aggravated assault. Such definition of aggravated assault is found in article 1149, P. C. (1925). No other definition or character of aggravated assault was mentioned in the charge. The court defined gross negligence and "wilfully" in connection with the definition of aggravated assault. Having done this, we are not inclined to the view that the second count was submitted, or that the jury could have predicated a conviction of aggravated assault upon that count, the elements of which were in no way explained and were not mentioned at any time save in the first paragraph of the charge, and then only as heretofore indicated. It would not have been inappropriate to give the special charge which was requested by appellant but we think the failure to do so should not be held reversible error when the instructions given are considered in their entirety.

The offense was alleged to have been committed on October 17, 1932. The information was filed on June 7, 1933. The court authorized the jury to convict for any offense committed at any time within two years prior to October 17, 1932. This, of course, was erroneous. The time should have been restricted to two years prior to the the filing of the information. However, in view of the fact that the date of the transaction was not in issue and was shown unquestionably to have occurred on October 17, 1932, within the period of limitation, and no other transaction of similar kind being shown, we think a reversal should not be predicated upon an error which could not possibly have harmed appellant. We are referred to Todd v. State, 69 Texas Crim. Rep., 610, 155 S. W., 220, on the point last mentioned.

We think the reversal in Todd's Case was not predicated on

the matter under consideration. The court says in the third paragraph of the opinion that "another question is *suggested* for reversal" but says the error was not a very serious matter in the particular case. The judgment was reversed for the errors discussed in the first and second paragraphs of the opinion.

Believing proper disposition was made of the present case originally, the motion for rehearing is overruled.

*Overruled.*