## THE STATE v. GABRIEL SMITH.

An indictment against a party, as accessary after the fact, need not show that he is not included within the description of persons embraced in the latter clause of Article 225, or of Article 226 of the Penal Code.

Where an indictment for the offence of being accessary after the fact, to a theft, alleged, as acts constituting the aid and assistance given to the principal, that the defendant concealed him, and by force and threats prevented his arrest by an officer: *Held*, that the indictment was not vitiated by the allegation of the other acts, besides the concealment.

APPEAL from Bell. Tried below before the Hon. N. W. Battle.

*Attorney-General*, for the appellant.

*X. B. Sanders*, for the appellee.

ROBERTS, J.—This indictment accuses Gallaher of the theft of a gelding, and Smith of being accessary to it. It was quashed on motion, as to Smith. The grounds relied on are—1st. That it fails to state an offence at all, because it does not negative the exceptions contained in the Code, indicating who cannot be accessaries; and, 2d. It is bad for duplicity.

"An accessary is one who, knowing that an offence has been committed, conceals the offender, or gives him any other aid, in order that he may evade arrest, or trial, or the execution of his

sentence.   But no person who aids an offender in making or pre-
paring his defence at law, or procures him to be bailed, though
he afterwards escape, shall be considered an accessary."   (Crim.
Code, Art. 225.)   The latter clause of the article contains rather
an explanation of what is not included in the definition, than an
exception to it.   It is a sort of aid, necessary for the innocent,
and therefore, the law will not permit the motives and objects
of those who furnish it, to be inquired into.   Although it is em-
braced in the same article, it is certainly no part of the defini-
tion of the offence.   Article 226 contains a list of persons who
are declared to be exempt from liability, as accessaries, on ac-
count of the relation they sustain to the offender.   This is pro-
perly an exception to the enacting clause.   Being no part of the
definition of the offence, and found in a separate article, it is not
necessary to notice it in an indictment, but it is matter of de-
fence, under a plea of not guilty.   (Whart. Crim. Law, 138;
7 Blackf. 590.)

Duplicity is not specially made a ground of exception to an
indictment, by our Code.   (Crim. Pro., Art. 487, 488.)   It may
well be conceived, that it might be such as to be included in one
of the grounds that are specified as permissible.   For instance,
it is permissible to allege, as a ground of exception, a non-con-
formity to the prescribed requisites of an indictment.   (Art. 488,
§ 2.)   One of the indispensable requisites is, that "the offence
must be set forth in plain and intelligible words."   If the dupli-
city is such as to produce confusion and uncertainty, as to what
is intended to be charged, it would not conform to this rule.   Is
such the case in this indictment?   It is contended, that this in-
dictment embraces a charge of two distinct offences, one for being
accessary to a theft, and another for unlawfully resisting an offi-
cer in the execution of process.   It is obvious, however, that
the latter offence is not attempted to be charged.   Some of the
incidents applicable to it are alleged, in stating the facts which
constituted the aid given by Smith to the offender, Gallaher.
The language of the indictment is, "him, the said Isam C. Gal-
laher, feloniously did receive, conceal, harbor, and maintain, and

him, the said Isam C. Gallaher, the said Gabriel Smith, did then and there aid and assist, to evade an arrest for said felony, by then and there concealing and harboring him, the said Gallaher, in his, said Smith's, dwelling-house, and by then and there, by threats and force, preventing a legal officer, with a legal writ, from arresting the said Gallaher." The specific act here charged is the concealment of the offender. The threats and force may have constituted a part of the same transaction, thereby aggravating the offence; but they are not so specifically charged, as to constitute acts in aid of the offender, which amount to a distinct offence, different from that growing out of the concealment. As the offence is complete by the concealment, (coupled with a knowledge of his having committed the felony,) the rest may be surplusage; but not being inconsistent with such concealment, nor calculated to produce any confusion or uncertainty, as to what is the substance of the charge, it does not vitiate the indictment.

We are of opinion, that the indictment sufficiently charges that Gallaher stole the gelding; that Smith knowing that fact, concealed him, and therefore, the court erred in sustaining the motion to quash. Judgment reversed and cause remanded.

Reversed and remanded.