JAMES WEAVER v. THE STATE.

On an indictment for an assault, with intent to murder, charged to have been
committed with a *knife*, evidence offered by the State, that during the fight
the defendant seized a *gun*, is admissible as a part of the *res gestæ ;* but not
for the purpose of establishing an assault with the gun.

Where the defendant used a knife in a fight, which he had himself provoked,
and when it was not necessary for his own defence; if the knife were capable
of inflicting a serious wound, and of endangering life, a conviction for an ag-
gravated assault will be sustained.

APPEAL from Bastrop.    Tried below before the Hon. Alex-
ander W. Terrell.

The appellant was indicted on the 9th of October, 1856, for
an assault with intent to kill one William Meredith, which was
charged to have been committed with a knife.

The defendant went to the house of William Meredith, on
whom the assault was alleged to have been committed, to settle
an account; in an ordinary tone, without appearance of excite-
ment, he asked Meredith for the account; after examining it,
Meredith said, with an oath, that he would not settle it.    Some
words were exchanged concerning the account, and in reply to
a remark of Meredith, the defendant said he was "a d—d liar."
At that time both parties were seated ; they rose about the same
time, met on the floor, and Meredith struck the defendant as he
approached him ; the blow was repeated, when a knife was dis-
covered in Weaver's hand, who held it in a striking attitude; at
this time, Mrs. Meredith rushed between the parties, and in the act
of seizing the hand of the defendant, in which he held the knife,
was cut by the blade of it, between the thumb and forefinger.
Mrs. Meredith testified, that when the defendant had the knife
open in his hand, he was attempting to cut Meredith's throat,
and at that time, she sprang between them.    The knife, it ap-
peared, was a cheap, ordinary pocket-knife, the blade was about
three inches long, not sharp pointed, but the end of it curved; it

was dull, loose, and seemed to have been used a good deal. The other facts are stated in the opinion.

On the trial, the defendant objected to testimony offered by the State, that after the knife had fallen on the floor, the defendant seized a loaded gun, and that he had a struggle with Meredith for the control of it; on the ground that the defendant, being charged with an attempt to kill and murder with a *knife*, evidence as to efforts to procure another weapon, after the knife was out of his hands, was irrelevant, and calculated to mislead the jury. The objection was overruled, and the testimony admitted.

The defendant was convicted of an aggravated assault, and the jury assessed the punishment at six months' imprisonment in the county jail; judgment was rendered accordingly.

*Hancock & West*, for the appellant.

*Attorney-General*, for the appellee.

ROBERTS, J.—The appellant was indicted for an assault, with intent to murder, committed on the person of Meredith, with a knife. He was convicted of an aggravated assault. On the trial, the witness detailed the transaction, showing that an assault was made with a pocket-knife, and that before any blow was stricken with it, Mrs. Meredith caught the knife, and it fell out of the defendant's hand; upon which occurrence, the defendant caught up Meredith's gun, and Meredith seized it, and took it away from him. This testimony about the gun was objected to by the defendant, and his objection was overruled.

We think it was admissible as part of the transaction; not for the purpose of establishing an assault with the gun, but for the purpose of showing the resolution, with which he entered into, and prosecuted the combat, which was provoked by his calling Meredith "a d—d liar," in his own house. What a person does immediately after an assault, and in direct connexion with it, being part of the transaction, often shows more satisfactorily

the state of mind prompting the assault, than that which immediately precedes it.

The evidence shows, that the fight was provoked by the defendant, and he has not shown that it was necessary to his defence that he should use a knife, which, though not very formidable, was still a dangerous weapon, capable of inflicting a serious wound, and of endangering the life of the person upon whom it might be used in a fight. We cannot say, therefore, that the jury was not justified in finding the defendant guilty of an aggravated assault. There being no error in the charge of the court, the judgment is affirmed.

Judgment affirmed.