## JOHN CROW v. THE STATE.

1. INDICTMENT—DUPLICITY.—An indictment is not bad for duplicity which contains the necessary averments charging an aggravated assault, and which also details the facts necessary to make the offense of threatening to take life, but omitting to charge that such threat was seriously made.

2. PRACTICE IN CHANGE OF VENUE.—It is not error, on an application for change of venue, for the district judge to call and examine other persons as to the existence of the alleged grounds for change of venue, nor to overrule the application upon being satisfied that the facts alleged in the application are untrue.

3. POINTING A GUN at a person is an assault, unless it appear that the gun is unloaded; and the burden of proving that it is unloaded is on the defendant.

4. THREATS ACCOMPANYING ACTS constituting an assault aggravate such assault; nor is such effect removed by the threats appearing conditional, if the conditions were such as the accused had no right to insist on.

APPEAL from Burleson. Tried below before the Hon. A. S. Broaddus.

Crow, convicted of an aggravated assault upon an indictment charging "that John Crow and David Doss,     *     * on the 5th day of March, A. D. 1873,     *     * did then and there, in and upon the body of one Keziah Griffin, unlawfully, willfully, and maliciously make an assault, and with a certain pistol in the hands of him, the said John Crow, then and there had·and held (the said David Doss then and there present aiding and assisting) to, at, against, and upon the said Keziah Griffin, did threaten to shoot and kill, thereby putting her, the said Keziah Griffin, in great bodily fear, the said John Crow and David Doss being adult males, and the said Keziah Griffin being an aged female, all with the intent her, the said Keziah Griffin, to injure."

The indictment was excepted to because it attempted to charge the defendants with the commission of two offenses in the same count.

The exception was overruled.   Defendant, Crow, then filed an application for a change of venue upon the statutory grounds, supported by the affidavit of his father and mother.

The district judge of his own motion called and examined the sheriff, who testified that "he knew of no such prejudice existing in Burleson county, or of no such combination as would prevent the defendant from getting a fair trial; that he was well acquainted throughout the county."

Thomas Thompson was also called by the court, and testified "that there was some prejudice against the defendant in the section of the county in which defendant lived, but that he knew of no such prejudice in other portions of the county; he thought defendant could get a fair trial, unless some prejudiced man should get upon the jury."

The witness, Keziah Gray, testified "that at the time charged in the indictment, on the road from Lexington to Porter's prairie, in Burleson county, Crow and Doss met her, riding in a lope; Crow had a pistol in his hand; after

they had passed witness about fifty yards they turned and came back, Crow talking to witness in a vulgar and indecent manner; his talk was dishonorable; I told him to hush; told him he had a mother; he presented his pistol at me, don't know how many times, and threatened to shoot me if I did not hush; their conduct frightened me very much; one of them would ride along the road just in front of me, and the other just behind me; when I was about a quarter of a mile from home, I called for my husband; John Crow presented a pistol at me, and told me if I called my husband again he would blow a hole through me; I was afraid to call my husband again, and did not; directly after this they left me."

An effort was made to impeach this witness by showing different statements, and her character was supported by witnesses testifying that it was good for truth and veracity.

The court, after giving the statutory definitions necessary, gave the further instruction, at request of the district attorney, "that if the jury believed from the evidence that a pistol was presented by the defendant, John Crow, at Mrs. Keziah Griffin in a hostile manner, the presumption is that the pistol is loaded; and it devolves on the defendant to show that it was not loaded, and that he knew at the time that it was not loaded."

It is not necessary to state the charges asked and refused.

The verdict fixed the punishment at a fine of five hundred dollars, and one year's imprisonment in the county jail.

Motion for new trial and in arrest of judgment were overruled, and defendant appealed. No recognizance being given, the defendant was ordered to be confined for safe keeping in the jail in Galveston county pending the appeal.

*Fisher, McFadin,* and *Dalrymple,* for appellant.

*George Clark, Attorney General,* for the State.

GOULD, ASSOCIATE JUSTICE.—The indictment does not contain a complete description of two offenses, and is not duplicated. (State v. Dorsett, 21 Tex., 657.) In setting out the circumstances of aggravation attending the assault, it details some of the facts which go to constitute the offense of threatening to take life, but the essential averment that the threats were seriously made was wanting. There is no such duplicity as materially to affect the clearness and certainty of the indictment, as one for aggravated assault. (State v. Smith, 24 Tex., 286.)

We think it was proper for the court to examine, of its own motion, the sheriff and others, to ascertain the truth of the grounds alleged for a change of venue, supported only by the affidavit of the father and mother of the defendant.

In the case of Winkfield v. State, decided at the late session at Austin, we held that the judge, in the discharge of the highly responsible duty devolved on him in such cases, might institute an inquiry similar to that made in this case. The result of the inquiry was substantially to negative the truth of the ground set up, and to justify the action of the court in making the application.

There was no error in instructing the jury, that while pointing an unloaded gun at a person would not be an assault, the burden of proving it to be unloaded was on the defendant. (Caldwell v. State, 5 Tex., 20 ; Wharton Am. C. Law, sec. 1244.) The code does not change the rule of evidence on this point.

The question was not before the court in the case of Warren v. State, 33 Tex. 521, cited by appellant.

The charge of the court was a fair presentation of the law ; and whilst it embraced some propositions not applicable to the case, it is not perceived that the defendant could have been prejudiced thereby.

There was no error in refusing to give the charges asked on the subject of threats in the form presented. The evi-

dence was that defendant presented a pistol at the witness, and threatened to shoot her if she did not hush, and again threatened to blow a hole through her if she called her husband. The act of pointing a loaded pistol at a person, if unexplained or unexcused, of itself constitutes an assault. There was nothing in the language used, nor in the fact that the violence was not carried further—although it was plainly in the power of defendant to have done so—that relieves this act of its criminal character as an assault. On the contrary, the tendency of the threats to shoot unless conditions were complied with which he had no right to impose is to aggravate the offense.

We think the verdict was justified by the evidence, and the judgment is affirmed.

Affirmed.