## JOSEPH MAYFIELD V. THE STATE OF TEXAS.

1. INDICTMENT.—It is not necessary in an indictment for assault with intent to murder, charged to have been made with a pistol, to allege that the party making the assault was within carrying distance of the pistol to the party assaulted.
2. SAME.—In charging an assault with intent to murder it is not necessary to name the weapon with which the assault was committed, or the manner in which it was used.
3. See indictment held good.
4. CHARGE OF THE COURT.—When the court has charged the law correctly in reference to the facts of the case as proved, it is not error to refuse to modify the charge to adapt it to a lower grade of offense when there are no facts in evidence applicable to such charge in the modified form.
5. NEW TRIAL.—A new trial will not be granted on the ground of surprise or disappointment in a party's witness not swearing what was expected, when it is not shown that upon another trial proof can be made by other witnesses of the facts expected to have been proved by the witness occasioning the surprise.

APPEAL from Rusk.  Tried below before the Hon. M. D. Ector.

*L. C. Sparkman, James H. Jones,* and *R. M. Wynne,* for appellant.

*A. J. Peeler, Assistant Attorney General,* for the State.

ROBERTS, CHIEF JUSTICE.—The indictment charges that the defendant, upon the person of Sandy Robertson, on the first day of March, in the year of our Lord eighteen hundred and seventy four, in the county of Rusk, in the State of Texas, with malice aforethought, did make an assault, and a certain loaded pistol held at, to, against, in, and upon said Robertson, did shoot off and discharge at him, said Sandy Robertson, with the intent him, the said Robertson, with malice aforethought, to kill and murder.

The exceptions taken before trial were general, and do not seem to have been ruled on.

The defendant being tried and found guilty, two objec-

tions were made to the indictment in the motion in arrest of the judgment which require notice, to wit, that it "does not allege that the defendant was within carrying distance with said pistol therein mentioned at the time said assault was charged to have been committed;" and " does not charge that the offense was committed in the county of Rusk and State of Texas." The indictment substantially charges that the defendant did, in Rusk county and State of Texas, make an assault upon Sandy Robertson, and discharge a pistol at him with intent to murder him. That would have been sufficient, without stating anything about the instrument with which the assault was committed. (The State *v.* Croft, 15 Tex. R., 575.)

But the indictment states it to have been done with a pistol, and it is objected that it failed to make a complete statement of the facts necessary to constitute an assault with intent to murder, because it omitted to state that the attempt to shoot was within a distance that the pistol would carry the ball. If the pleader had not alleged the assault directly in common form, but had relied on stating such facts as would constitute the assault, the objection might have been good, unless the mode adopted of stating the manner in which the pistol was used, embraced substantially an allegation of the fact that it was within such carrying distance. That was certainly done in this case by stating, that the defendant a certain loaded pistol held at, to, against, in, and upon said Robertson, did shoot off and discharge.

A very similar indictment to this, wherein there was no statement as to the attempt being made within carrying distance, was sustained by this court as good, though set aside as defective by the District Court. (The State *v.* Rutherford, 18 Tex., 24.)

In the present case, as in that, the statement as to how the pistol was used was merely to show that a pistol was used in making the assault. It might have made it neces-

sary in the evidence to have shown that the assault was made with that weapon in order to identify the transaction, as it was so alleged. (Weaver *v*. The State, 24 Tex., 387.) Still, it was not necessary to have named the weapon with which the assault was committed or manner in which it was used. (Bittick & Williams *v*. The State, 40 Tex., 117; Martin *v*. The State, 40 Tex., 19; The State *v*. Walker, 40 Tex., 485.)

The other objection, as to the venue, is not well taken. The venue is properly set out in first part of the statement of the offense, in which the assault is formally charged, and every other material averment is properly connected with it by the word "and," so as to make the whole transaction to have taken place in Rusk county.

In the motion for a new trial there are various grounds of objection to the conviction which have reference to the law as charged by the court, the refusal of the charge asked by the defendant, and the insufficiency of the evidence to warrant the verdict, and the disappointment of defendant's counsel in the evidence of one of the witnesses in not swearing that the pistol was unloaded.

The facts in evidence were few and plain. The defendant while drunk went to the premises of Robertson, with a woman who lived in a house in his yard, and being by Robertson rebuked for the use of coarse language snapped a pistol at him. He was drunk, but to what degree is not shown. Robertson retreated into his house, shutting the door, which was shoved open by the defendant; and after he got in the house the pistol was taken away from him by his brother, Willis Mayfield.

The court charged the jury generally, with reference to the offense, in a manner unobjectionable, and directly in reference to the law of the case, as presented by the evidence, as follows: "And malice is implied by law from any deliberate cruel act committed by one person against another suddenly, without any considerable provocation."

And again: "The fact that he was drunk or intoxicated will be no excuse or justification for his acts when in that condition." These two propositions presented two general rules of law correctly, and there was no evidence in the case exhibiting any circumstances which required the court to explain what sort of provocation would rebut the presumed evidence of malice, or to explain under what state of circumstances the drunkenness of the defendant might be considered by the jury in determining the state of mind, as to deliberation, or the want of it, when the act was done. It was not error, therefore, to refuse to give any further charge tending to palliate the offense, and especially those which were asked, relating to want of malice and to drunkenness.

When the court has charged the law correctly in reference to the facts of the case as proved, it is not error to refuse to modify the charge to adapt it to a lower grade of offense, when there are no facts in evidence applicable to such charge in the modified form.

As to the witness not swearing what was expected of him, it was not shown that upon another trial any witness could prove any more than he did to show that the pistol was not loaded, nor attempted to be shown in any form whatever.

Another objection was, that the court admitted evidence to show that the pistol was only snapped, whereas it was charged in the indictment that it was discharged at Robertson. It is not shown in the statement of facts, or in a bill of exceptions, that the admission of that evidence was excepted to by the defendant. Nor is it perceived how it could have been properly objected to, for the State is not bound to prove an allegation to its full extent in reference to the use made of the pistol, especially when it was unnecessary to have made the allegation at all.

Finding no material error therein, the judgment is affirmed.

                                        AFFIRMED.