## John I. Burton *v.* The State.

1. Aggravated Assault.—Indictment for an aggravated assault with a pistol alleged that the pistol was a deadly weapon, but did not charge that the accused presented the pistol at the assaulted party within carrying distance, nor that it was loaded, nor how it was used. *Held*, nevertheless, that the indictment is good.

2. Same—Evidence.—When an aggravated assault is alleged to have been committed with a deadly weapon, to wit, a pistol, if it be controverted whether the pistol was loaded or not, the burden is on the accused to prove that it was not.

Appeal from the County Court of Houston. Tried below before the Hon. S. A. Miller, County Judge.

The charging part of the indictment alleged that the accused, "with a certain pistol, which he the said John I. Burton in his hands then and there had and held, and which pistol was then and there a deadly weapon, in and upon one Eddie Currie, in the peace of God and of the said state then and there being, unlawfully, willfully, and with intent then and there to injure the said Eddie Currie, an aggravated assault did make, and that the said John I. Burton did then and there, with the pistol aforesaid, unlawfully, willfully, and with intent to injure the said Eddie Currie, point at, upon, and against the body of the said Eddie Currie, then and there, by said pointing, exciting in the mind of the said Eddie Currie fear of serious bodily injury; against the peace and dignity of the state."

*Earle Adams*, for the appellant.    Upon the trial appellant was convicted of a simple assault, from which conviction, after motion for new trial was overruled, he appealed. I contend—

1. That when an indictment charges aggravation by alleging the manner of the assault, and circumstances of aggravation, such circumstances and manner must be proven to warrant a verdict for even simple assault; because, if other circumstances or another manner of assault is allowed to be proven, the defendant is not legally on notice.    23 Texas, 581.    The assault was not proved as alleged in this case. It was proved by the act of drawing the pistol, as was the case of Higginbotham, 23 Texas, 576.    I submit that the court erred in refusing the new trial.

2. That the court erred in charging that it was incumbent upon the defendant to show that the pistol was not loaded, because the indictment nowhere charges that the pistol was loaded; and how was defendant to presume that it would become necessary to prove that the pistol was not

loaded, when the fact was not negatived, even, in the indictment?

3. I contend, that the indictment is bad. How far was Burton from Currie when the assault was made? If I point a pistol at a man a mile off, is that an assault? Where is the ability to commit the battery? Was the pistol loaded? Was it within carrying distance? It seems to me that the indictment is " honey-combed " with defects.

*W. B. Dunham*, for the State.

WHITE, J. Appellant was indicted for an aggravated assault, found guilty of a simple assault, and his punishment affixed at a fine of 1 cent.

It is insisted that the motion to quash the indictment should have been sustained. The main grounds of the motion were that the indictment did not charge that defendant presented the pistol at the assaulted party within carrying distance; that the indictment did not show how the defendant attempted to use the pistol; and that the indictment was duplicitous.

The indictment in the case of *Crow* v. *The State*, 41 Texas, 468, is very similar to the one in this case, and in that case the indictment — which was, if anything, more liable to the objection of duplicity than the one we are considering — the court held to be good, and the objection untenable; citing *The State* v. *Dorsett*, 21 Texas, 657, and *The State* v. *Smith*, 24 Texas, 286.

In the case of *Mayfield* v. *The State*, 44 Texas, 59, it was held that it was not necessary, in an indictment for an assault with intent to murder, charged to have been made with a pistol, to allege that the party making the assault was within carrying distance of the pistol to the party assaulted; citing *The State* v. *Rutherford*, 18 Texas, 24. And in the same case of *Mayfield* v. *The State*, 44 Texas,

59, it is further said that "it was not necessary to have named the weapon with which the assault was committed, or the manner in which it was used;" citing *Bittick* v. *The State*, 40 Texas, 117; *Martin* v. *The State*, 40 Texas, 19; *The State* v. *Walker*, 40 Texas, 485; and *Croft* v. *The State*, 15 Texas, 571.

We see no reason why such allegations are any more essential to the validity of an indictment for an aggravated assault, when the offense is alleged to have been committed with a deadly weapon, than to one for an assault with intent to murder. The court did not err in overruling the motion to quash, the indictment being good. *Browning* v. *The State*, 2 Texas Ct. App. 47.

Another error complained of is that the court charged the jury that it was incumbent upon the defendant to show that the pistol was not loaded. This point was also made in the case of *Crow* v. *The State*, above cited, and the court says "there was no error in instructing the jury that, while pointing an unloaded gun at a person would not be an assault, the burden of proving it to be unloaded was on the defendant. *Caldwell* v. *The State*, 5 Texas, 20; Whart. Cr. Law, sec. 1244. The Code does not change the rule of evidence on this point." 41 Texas, 468; *Flournoy* v. *The State*, 16 Texas, 31.

The charge of the court presented the law applicable to the evidence, and we are of opinion that the evidence was sufficient to sustain the verdict and judgment. *Pierson* v. *The State*, 23 Texas, 581; *Higginbotham* v. *The State*, 23 Texas, 574; *Bell* v. *The State*, 29 Texas, 434.

The judgment of the lower court is affirmed.

*Affirmed.*