## ALEX. WEST v. THE STATE.

### No. 1721. Decided January 25, 1899.

**1. Continuance—Absence of Bill of Exceptions—Practice on Appeal.**

Where a special bill of exceptions was not reserved to the ruling of the court refusing an application for continuance, the matter will not be revised on appeal.

**2. New Trial—Newly Discovered Testimony.**

A new trial will not be granted for newly discovered testimony, where it is shown such testimony was known to the defendant by reason of a conversation he had with the proposed absent witness.

**3. Hurried Trial.**

A defendant can not be heard to complain that he was hurried, unprepared, into the trial, where the special venire was drawn and served upon him, with a copy of the indictment, two days prior to his being placed upon trial.

**4. Murder—Arraignment.**

On a trial for murder, if the record on appeal shows, in the recitals of the judgment of conviction, that defendant was duly arraigned and pleaded not guilty, this is sufficient, though the practice contemplated by the statute would seem to indicate the arraignment as a separate proceeding preliminary to the trial. Following Steagald v. State, 22 Texas Criminal Appeals, 464.

**5. Murder in the First Degree—Evidence Sufficient.**

See evidence which the court holds amply sufficient to support a conviction for murder in the first degree, with the penalty assessed at imprisonment for life in the penitentiary.

APPEAL from the District Court of Lampasas. Tried below before Hon. JOHN M. FURMAN.

Appeal from a conviction for murder in the first degree; penalty, imprisonment for life in the penitentiary.

Appellant was charged by the indictment with the murder of Frank Wells, on the 5th day of July, 1898, by shooting him with a gun.

A very clear but concise statement of the important facts of the case will be found in the opinion.

No brief on file for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of murder in the first degree, and his punishment assessed at confinement in the penitentiary for life, and appeals.

The first asignment of error is based upon the refusal of the court to grant the application for continuance. A sufficient answer to this contention is that a bill of exceptions was not reserved to this ruling of the court. It has been settled by a long line of decisions, running back into the Supreme Court Reports, that the ruling of the court refusing an application for continuance will not be revised in the absence of a bill of exceptions specially reserved. For collection of authorities, see note 8 under article 605, Code Criminal Procedure (Willson's Crim. Stats., 1897). A new trial was sought in the court below, on the alleged newly discovered testimony of Mrs. V. C. Young. The affidavit of Mrs. Young shows conclusively that the facts proposed to be proved by her were known to appellant prior to the homicide, and, of course, before he was placed upon trial. Defendant's knowledge of her testimony occurred by reason of a conversation between himself and Mrs. Young the evening prior to the homicide, at night, and, of course, was not newly discovered.

Appellant, in his fourth assignment of error, contends that the judgment should be reversed, because he was hurried into trial two days after being served with copy of the indictment and appointment of counsel to defend him, thus affording no time for the preparation of his defense or to get his witnesses. The indictment was returned into court on the 12th of November. The venire was drawn and served upon him, and the copy of the indictment, two days prior to being placed upon his trial. From the record there seems to have been no objection interposed to this action of the court; and, if objection had been raised, the court fully complied with the statutory requirements.

He also contends that the record should show affirmatively, independent of the recitals in the judgment of that fact, that he was arraigned. This question was not suggested until after the conviction; nor is it urged as a ground of the motion for new trial. And, even if the record does not contain a special order showing arraignment, it is sufficient that the judgment entered upon the verdict recites the fact that he was arraigned. The judgment recites the fact that defendant was duly arraigned, and pleaded not guilty. This question came up in Steagald's Case, 22 Texas Criminal Appeals, 464, 487. It was there said: "It is complained that the record does not show that defendant was ever arraigned under the indictment, and required to plead thereto, except by the formal recitals in the judgment, which it is claimed is insufficient. This question was sufficiently discussed, and the authorities cited, in Wilson's Case, 17 Texas Criminal Appeals, 526. While the practice contemplated by the statute would seem to indicate the procedure as a separate one, preliminary to the trial proper, yet the more common practice, as we believe, is to arraign the defendant when he is called to plead to the indictment at the trial; and that is certainly sufficient under

the comprehensive rule, now well settled, that if the record shows that the accused pleaded not guilty, but is silent respecting the arraignment, this court, presuming that the arraignment was waived, will not reverse the judgment of conviction for want .of an arraignment. But, if the record shows neither an arraignment nor a plea, the judgment would be set aside,"—citing Plasters v. State, 1 Texas Criminal Appeals, 673; Wilson's Case, supra. But it will be noted in this case that the judgment recites the fact that he was duly arraigned, and pleaded not guilty. This is sufficient.

It is contended that the evidence is not sufficient to support the judgment. The statement of facts discloses that there had been trouble between the parties, and threats proved by each against the other. There seems to have been a woman in the case. On the evening prior to the homicide, at night, appellant rented a rifle and some cartridges. Thus armed, some time between 8 and 10 o'clock at night, passing down the street, he stopped in front of the residence of one Hayden, where the deceased then was. While the defendant was talking to Hayden, deceased left Hayden's residence, and passed out near and spoke to appellant, who immediately raised his gun and shot him in the right breast, from which wound the deceased, in a few moments, died. Defendant fled the country, and was subsequently captured at Navasota. There is a considerable amount of evidence going to show the animosity between the parties, and threats pro and con, which it is unnecessary to detail. While the record is voluminous, this is substantially the testimony for the State. Appellant contended that there was a motion made by deceased as if to draw a weapon, which caused him to shoot. This was denied by the eyewitnesses to the transaction. The killing occurred within fifteen feet of where Hayden was sitting, and he says he could see distinctly all the movements of the parties.

No complaint is made of the court's charge, and we believe the evidence justified the jury in finding defendant guilty of murder in the first degree. The judgment is affirmed.

*Affirmed.*