### MAX SALINAS v. THE STATE.

No. 977.    Decided October 18, 1911.

Rehearing denied January 24, 1912.

**1.—Carrying Pistol—Waiving Jury—Misdemeanor.**

When the defendant, in a misdemeanor case, waives a jury and the case is tried before the judge who hears the testimony and adjudicates the case, his finding of the facts is just as conclusive on this court as if tried by a jury; and where the evidence is sufficient to sustain the conviction, there is no error.

**2.—Same—Continuance—Subsequent Application.**

It should appear in the face of the application for continuance whether it is a first or a subsequent application, and where this is not done, it will be considered as a subsequent application, and where the same did not comply with the law, it was correctly overruled.

**3.—Same—Announcement of Ready—Withdrawal of Announcement—Deception—Surprise—Statutes Construed.**

When it is claimed that the defendant has been deceived by the action of the officers for the State, and suffered surprise, something more than mere silence by them must be shown; and where the defendant claimed surprise and deception, but did not bring himself within the rule, there was no reversible error in overruling his motion for continuance or postponement. Article 605, Code Criminal Procedure, 598 id.

**4.—Same—Motion for New Trial—Practice on Appeal—Statutes Construed.**

Where, upon appeal of a conviction of unlawfully carrying a pistol, defendant claimed that the court erred in overruling his motion for a postponement or a continuance for trial, but there were no supporting affidavits to his motion for new trial showing proper diligence to procure the absent testimony, there was no error. Article 616, Code Criminal Procedure.

**5.—Same—Statement of Facts—Time of Filing—Transcript.**

A statement of facts, in misdemeanor cases in the County Court, may be filed within twenty days after adjournment by proper order, and must be copied in the transcript.

Appeal from the County Court of Caldwell. Tried below before the Hon. Geo. W. Kyser.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*E. B. Coopwood* and *O. Ellis, Jr.,* for appellant.—Upon question of withdrawing announcement on account of surprise: Bryant v. State, 35 Texas Crim. Rep., 394; Caldwell v. State, 28 Texas Crim. App., 566; Roach v. State, 21 id., 249; McDow v. State, 10 id., 107; Eldridge v. State, 12 id., 208; Chiles v. State, 10 id., 183; Webb v. State, 9 id., 490; Hodde v. State, 8 id., 382; Garner v. State, 34 Texas Crim. Rep., 356; Land v. State, id., 330; Cline v. State, id., 415; Williams v. State, 48 id., 325.

*C. E. Lane,* Assistant Attorney-General, and *J. B. Hatchett,* for the State.—On the question of continuance and postponement on account of surprise: Dunlap v. State, 9 Texas Crim. App., 179; McKinney v. State, 8 id., 626; Jenkins v. State, 30 Texas, 445; Zumualt v. State, 5 Texas Crim. App., 521.

On question of withdrawal of announcement and motion for continuance: Evans v. State, 13 Texas Crim. App., 225; Robbins v. State, 33 Texas Crim. Rep., 573.

PRENDERGAST, JUDGE.—On January 7, 1909, Abraham P. Osuna filed complaint before the county attorney of Caldwell County, charging the appellant with having on and about his person a pistol on January

3, 1909. The county attorney at once filed an information charging the same thing, based on this affidavit. The case was tried February 21, 1910, before the county judge, both parties waiving a jury, who found appellant guilty and assessed his penalty at $100 fine.

The appellant has but three grounds of complaint shown by his motion for new trial. First, that the court erred in refusing to continue the case upon his application; second, that the court erred in refusing to permit him to withdraw his announcement of ready and continue the case after the State's witness, who had filed the complaint, had testified, claiming that he was surprised at this witness' testimony; third, because the judgment is against the testimony and the law.

There were but three witnesses who testified. The complaining witness alone for the State, and the appellant and one witness for him. The testimony by the State's witness, we think, clearly, if believed by the lower court—which was evidently done—is sufficient to sustain the conviction. Succinctly stated, the testimony by this witness was that on January 3, 1909, he met the appellant in the public road in Luling, Texas, between the cemetery and Tom Wilson's house late in the afternoon. This witness was traveling in a wagon and with him were Simon Rodriquez, one of said witness' children and a woman named Julia, whom said witness soon afterward married. This witness and the others with him were going towards Luling; the appellant was going from Luling. The State's witness had been living with the woman Julia and the child with them in the wagon was his by her and they married a few days thereafter. Upon meeting the appellant at the time and place above stated, he was stopped by the witness and asked if he had been having anything to do with Julia, the woman. Appellant refused to answer. The witness then told him that she was his woman and that he was going to marry her and he wanted to know. Appellant stated he would kill all of them before he would tell. The witness then got out of the wagon on the ground and was about ten or fifteen feet from the appellant. The appellant thereupon, after making several maneuvers with his hand, placed it on the handle of a pistol sticking on the inside of the waistband of his breeches, partly drew out the pistol but did not entirely pull it out, nor present it at the witness. The other party in the wagon with witness, Simon Rodriquez, then got out of the wagon and caught appellant's hand. The witness did not like the appellant because he had been fooling with his woman. The witness Julia was in attendance upon court at the time this case was tried and some other witness called Jose. The testimony does not disclose definitely whom this Jose was. The said State's witness also testified that on two occasions before the trial he had told W. P. Walker, the friend of the appellant and who testified for him on the stand, that his testimony on the trial of the case would be just as he did testify on the trial.

The appellant admitted meeting the State's witness at the time and place testified to by him and the inquiry by the State's witness of him

as to whether or not he had been fooling with the woman Julia and that he refused to tell him at that time whether he had or not, but stated that he would come to his house and tell him about it later. He denied having a pistol then or at any other time and denied that he had drawn it or attempted to draw it on the State's witness and that the party Simon Rodriquez had gotten out of the wagon and taken hold of him to prevent his hurting the witness.

The witness Walker, for the appellant, testified in substance that he had taken a good deal of interest in the case for the appellant, and that he had talked to the State's witness Osuna and Julia and that they had told him that the appellant was accused of carrying a pistol on another occasion at night down in the brush in Luling and at the said witness' house, and that neither of them ever claimed to him that the appellant had had the pistol at the time and place testified to on this trial by the State's witness, and that he never heard of it before.

When the defendant in a misdemeanor case waives a jury and the case is tried before the judge, who hears the testimony and adjudicates the case, his finding of the facts is just as conclusive on this court as if tried by a jury. It will be seen from the evidence above that the testimony of the State, if believed by the judge, which was evidently done, was ample to sustain the verdict and we can not set the judgment aside on that account.

Appellant's motion for a continuance, we take it, shows on its face not to be an application for a first continuance, as in making applications for continuances it is always necessary for the appellant to show in the face of the application whether it is a first or subsequent application. The application in this case shows that it is "defendant's first application for a continuance for the want of the testimony of absent witnesses." Hence, we take it, that theretofore he had other continuances or a continuance on other grounds. As we understand appellant's brief, he concedes in effect if not directly so, that the court did not err in not granting his application for a continuance. The application in our opinion is clearly insufficient and the court did not err in overruling it.

The only other ground of complaint is, as stated above, that the lower court erred in not permitting the appellant to withdraw his announcement of ready—on his having been forced into trial—and not continuing the case, after the testimony of the State's witness had been given. He claims this on two grounds—first, that the county attorney deceived him in not disclosing to him what the State's witness was going to testify, after he had disclosed to the court and the county attorney what they expected to prove by the absent witness Adams for whom the continuance was sought. Second, to enable him to procure the attendance of witnesses to disprove the testimony of the State's witness and in not granting his application for a postponement or continuance after the State's witness testified.

In order to show the appellant's contention in this matter particu-

larly we will state more fully what his application for a continuance in the first instance and his second application after the State's witness had testified showed. The first application was on account of the absence of Jose' Adams, whom the application shows was a resident of Caldwell County, but then temporarily at Houston. In this he states substantially "That appellant is advised that the State will attempt to prove by the State's witness that he was seen with a pistol down in the brush in a little pasture near the house occupied by the State's witness and that the woman Julia, one of the State's witnesses, will testify that he carried the pistol from the pasture up to and in the house occupied by her; that he expected to prove by the absent witness that that witness informed him that said Julia was down in the pasture with the appellant and that he, the absent witness, saw defendant dress to go down into the pasture and that he had no pistol at that time, and that the absent witness would further testify that he was at the house when the defendant and Julia returned thereto, and that he was there during the time the defendant was there and that the defendant did not have a pistol in the house or at any other time during that night." This is the substance of what the first application for continuance shows that appellant expected to prove by the absent witness.

After the State's witness Osuna had testified substantially as given above in the statement of his testimony, the appellant, by proper written motion, sought to withdraw his announcement of ready and sought a continuance on the ground, in substance, "that he had always been advised and understood that he was charged with carrying a pistol in a little pasture in the night time near the house occupied by the witness Osuna and Julia, and that the State would introduce these witnesses to testify thereto and that he thus believed when he filed the application at first, above noted, for a continuance. That until the witness Osuna had testified he never had any intimation that he was charged with carrying a pistol or that the State expected to prove that he carried a pistol at the time and place named by said State's witness in his testimony. That when said motion for a continuance was made it was in the hearing and presence of the county attorney who was conducting the prosecution. That his friends, and especially his said witness Walker, a prominent merchant of Luling, had several conversations with the State's witnesses and in all of them they stated to said Walker, and to all other parties with whom they talked that they had made complaint against him for having a pistol down in the pasture at night and that they did not, to anyone, ever mention the fact that he had a pistol in the public road as testified to by said State's witness. That the testimony of this State's witness was a great surprise to him and he was not ready to meet it and could not safely proceed with the trial. That during the time the State's witnesses and he were talking together in the public road at the time and place testified to by said State's witness, several persons passed them and saw and heard what took place; that he could not remember who the parties

were and could not give their names, but was sure that they were parties living in the immediate vicinity, and that he could procure their names and have them in attendance at the next term of court, and "he feels sure said witnesses, when procured, will testify that he did not threaten to kill, did not attempt to draw a weapon and did not have a pistol, and that the said Osuna and Simon Rodriquez did not get out of the wagon and that said Rodriquez did not catch the defendant by the arm to prevent his shooting the witness Osuna." That the absent witness Adams will testify that shortly after the complaint was filed against defendant, the witness Osuna went to said Adams and stated to him that he had made complaint against the defendant for having a pistol down in the pasture that night, and that he wanted him as a witness to testify that defendant was in the pasture and up at the house, and had a pistol. That said witness Adams will further testify that the witness Osuna claimed the defendant was charged with having a pistol and never mentioned in any way that the defendant had and was charged with having a pistol in the public road near Wilson's and the cemetery; that the act and conduct of the county attorney in permitting him to make a motion for continuance in open court and in the presence and hearing of the county attorney without making known to him and to the court that the State did not expect to prove that the defendant had a pistol down in the brush at night, as stated in his application for a continuance, but would expect to prove that he had a pistol in the public road near the cemetery, was and is such legal deception as to deprive the defendant of a fair and impartial trial, by which he was led into trial without an opportunity to procure witnesses to contradict the testimony of the State." We have thus given the substance in full of the appellant's application for a continuance both the first and second, or the first and second after the trial had begun and the State's witness had testified.

The proper decision of this question has given us some trouble, but after a thorough consideration of it and investigation of the authorities we have concluded that there is no reversible error shown by the action of the court as would justify this court to reverse the judgment.

Article 605 (new) Code Criminal Procedure is: "A continuance may be granted on the application of the State or defendant after the trial has commenced, when it is made to appear to the satisfaction of the court that by some unexpected occurrence since the trial commenced, which no reasonable diligence could have anticipated, the applicant is so taken by surprise that a fair trial can not be had, or the trial may be postponed to a subsequent day of the term."

If the State's witness was to be believed, and, as stated by us above, the lower court must have believed him, this witness informed appellant's special friend and witness Mr. Walker (upon whom the appellant seems to have relied for finding out what the witness would testify more than upon his attorney), specifically on two occasions that his testimony upon the trial of the case as to the time and place and carry-

ing the pistol by the appellant would be just what he did testify on the trial, even though this testimony was disputed by Mr. Walker. The appellant by his showing seems to have relied as he claims upon what his witness Walker and the absent witness Adams had told him about this, and it is not shown that either he or his attorneys had talked with the State's witnesses and had been misled by them other than through Adams and Walker as above stated. "A defendant can not complain of a surprise occasioned by his own carelessness and negligence;" (Evans v. The State, 13 Texas Crim. App., 225). "The defendant should not rely upon the State's testimony, and surprise at such evidence is ordinarily not a ground for a new trial." Robbins v. State, 33 Texas Crim. Rep., 573. All of the cases on this subject in effect hold that such applications for a continuance are not granted as a matter of right, but are addressed to the sound discretion of the court, and this is in accordance with the statute itself. Subdivision 6, article 598, Code Criminal Procedure.

As we understand the decisions and the law, when it is claimed the defendant has been deceived by the action of the officers for the State, something more than mere silence by them must be shown. They are under no obligations to the defendant to inform him what the testimony of any of the State's witnesses will be. In all cases where this court has reversed because of the deceit of the officers for the State, it was where the State's officers had actively and actually done or said something purposely to deceive the appellant and throw him off of his guard, and he had thereby been deceived to his injury.

The record shows that this case was tried on February 21, 1910. In the application by the appellant for a postponement or continuance after the State's witness had testified as shown above, he states that while the altercation testified to by both himself and the State's witness was taking place in the public road between Wilson's and the cemetery "several persons passed them and saw and heard what took place." That at the time he made the application he could not remember who these parties were and could not, therefore, give their names, "but he is sure that they were parties living in the immediate vicinity and that he can procure their names and have them in attendance at the next term of the court." The amended motion for a new trial was not filed or acted upon until March 5, at least twelve days after his trial, and after the overruling of his applications for continuance. It was incumbent upon the appellant to procure the names of these witnesses and their affidavits supporting his motion for a new trial, or else to have shown by his own affidavit that he had used the proper diligence after his trial to procure their names and affidavits, or some reasonable excuse why he had been unable to do so up to that time, but could and would do so before the next term of the court. In discussing the overruling of a motion for new trial the Supreme Court of this State in the case of Welsh v. State, 11 Texas, 367, says: "The affidavits of these persons referred to were not submitted, showing that they would

testify to those facts being different from what the witness for the prosecution had testified to; nor is there any reason why such affidavits were not procured. . . . The rule is well established in this court, and believed generally to prevail in all courts that on a motion for a new trial upon the ground of newly discovered evidence the motion should be supported by the affidavit of the persons referred to as witnesses by whom the facts relied on can be proven, or good reason why it was out of the power of the applicant to procure their affidavits. For the reason that this was not done the motion was very properly overruled." See also Stewart v. State, 49 S. W. Rep., 95; Yanez v. State, 20 Texas, 656; Mayfield v. State, 44 Texas, 59, and other cases cited in the annotations under art. 616 (new) Code Criminal Pro-. cedure on the subject of "surprise."

The Assistant Attorney-General at the time this case was submitted, February 14, 1911, filed a motion to strike out the statement of facts on two grounds: First, because the facts were copied in the record instead of being sent up separately as required by the stenographers' act; and, second, because the statement of facts was not filed during term time. Evidently the Assistant Attorney-General was laboring under some mistake. The statute expressly authorizes the court to grant twenty days after adjournment for filing statements of fact in County Court criminal cases, and, as we understand the statute and have uniformly held, a statement of facts in County Court misdemeanor cases is not prepared by a stenographer in duplicate, but one copy only is prepared by the attorneys or the court and must necessarily be copied into the record and not sent up separately. This motion to strike out is, therefore, overruled.

The judgment of the lower court will be affirmed.

*Affirmed.*

DAVIDSON, PRESIDING JUDGE, absent.
[Rehearing denied January 24, 1912.—Reporter.]