### ELMER PRUITT v. THE STATE.

No. 18745.   Delivered January 27, 1937.
Rehearing Denied March 10, 1937.

114

The opinion states the case.

*H. C. Moseley,* of Athens, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, death.

The proof on the part of the State was to the effect that on the 25th of September, 1934, appellant killed Martha Jane German and her husband, Willie Turner German. The motive for the homicide, as disclosed by the testimony of the State, was robbery. After killing said parties, appellant burned their house. However, the testimony of the State was sufficient to identify the charred remains of the victims of the homicide. Appellant made two confessions, in each of which he admitted his presence at the scene of the homicide. In the first confession he stated that he, Artie Cook and Huey Fulton went to the home of deceased and her husband for the purpose of robbing them. Mr. German made an effort to secure a gun and he (appellant) shot him. As he fell, Mrs. German made an outcry and appellant shot her. After getting some money out of a trunk, appellant and his companions set fire to the house and fled. In the second confession appellant stated that his companions committed the homicide. The testimony of the State, aside from the confessions, was to the effect that shortly after the homicide appellant was in possession of personal property belonging to Mr. German. In his testimony on the trial, appellant's version was substantially the same as that shown in his second statement.

The evidence is deemed sufficient to support the judgment of conviction.

The transcript fails to show that the indictment was presented in open court by the grand jury. No complaint was raised in the lower court relative to the matter. The matter complained of not being a defect of substance, the question can not be raised for the first time in this court. Poe v. State, 266 S. W., 417.

The judgment of conviction shows that appellant entered a plea of not guilty. The transcript does not embrace a special order showing arraignment; nor does the judgment state, in terms, that appellant was arraigned. No question was raised in the court below. Article 847, C. C. P., expressly provides, among other things, that this court shall presume that the accused was arraigned unless such matter was made an issue in the court below and it affirmatively appears by a bill of exception approved by the judge of the court below or proven up by bystanders, as provided by law, that he was not arraigned. See, also, West v. State, 49 S. W., 95.

Appellant contends that the indictment is fundamentally defective, in that a number of methods, modes and instruments were alleged to have been used by appellant in the commission of the homicide. A similar indictment was sustained by this court in the case of Burt v. State, 38 Texas Crim. Rep., 397. We quote from the opinion. "This indictment is correctly drawn. Where there is doubt about how the death was produced, it is well to put every means suggested by proof in the indictment; and, if proof be made of one of the means, it is unnecessary to prove them all."

It appears from bill of exception No. 3, as qualified by the trial judge, that after six jurors had been accepted, impaneled, and removed to the jury room, the seventh juror was impaneled but not immediately removed to the jury room. This juror was present in the jury box for a short time while another juror was being questioned on his voir dire examination. The bill of exception fails to show that anything transpired in the presence of the juror which was calculated to affect his impartiality or influence him against appellant. We are unable to agree with appellant's contention that reversible error is presented.

Appellant objected to the introduction of his first written statement on the ground that it was involuntary. There is nothing in the bill of exception to support the grounds of

objection. Nor do we find anything in the statement of facts that would have warranted the rejection of the confession.

Appellant has some objections to the court's charge, which do not appear to have been authenticated by the trial judge. Hence we are not warranted in considering them. At all events, an examination of the charge, in the light of the exceptions, leads us to the conclusion that the issues raised by the evidence were adequately presented to the jury.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In the light of appellant's motion for rehearing we have again gone over this record, and have examined the authorities cited, and others, bearing upon the questions involved. As stated in our opinion, the judgment entered in the trial court recited that appellant had pleaded not guilty upon his trial. The same fact is recited in the charge of the court to the jury. Such being the case, and the purpose of an arraignment being to show the identity of the accused, and that he entered his plea to the indictment, under the authority of Morris v. State, 30 Texas Crim. App., 95; McGrew v. State, 31 Texas Crim. Rep., 336; West v. State, 40 Texas Crim. Rep., 148; Martinez v. State, 69 Texas Crim. Rep., 280; Webb v. State, 55 S. W. Rep., 493, and Davis v. State, 70 Texas Crim. Rep., 563, we conclude appellant's position unsound, that reversal should be had because the record does not show arraignment.

We make the above statement in addition to the fact that Art. 847 of our Code of Criminal Procedure instructs this court to presume that the accused was arraigned in the absence of some showing that the question was raised in the trial court and there made an issue.

The authorities cited in our former opinion make evident the fact that it was not reversible error for the record to fail to disclose the time and manner of the returning of the indictment, and we feel that it is unnecessary to cite other authorities.

Adverting to appellant's claim that during the selection of the jury a venireman was permitted to remain in the court

room, we observe that appellant cites Pena v. State, 29 S. W. (2d) 785, and Norman v. State, 52 S. W. (2d) 1051, in addition to some civil cases, which we do not deem necessary to review. It is made clear in the opinion in the case of Pena v. State, supra, that in addition to requesting the court to retire the veniremen not being examined so that they might not hear or be influenced by the questions or answers of their fellows,—that in the presence of the veniremen who were permitted to remain in the court room, over the objection of the accused,—some of their fellows made statements of a nature calculated to influence and affect those veniremen permitted to remain in the court room. We have no such facts here, and no request was made to retire the venirman, or objection made to his remaining in the court room, and no showing that any statement was made by any other venireman in his presence which might influence him.

In the case of Norman v. State, supra, we held that the matter of retirement of the veniremen is largely one confided to the discretion of the trial court, and since no showing was made that matters were stated, during the examination of the venire, of a nature calculated to injuriously affect the attitude or answers of any other venireman, no injury was shown. As above stated, no effort was made to show that the venireman who was permitted to remain in the court room was objected to, or that anything transpired in his presence which could have injuriously affected the rights of the accused.

In reference to the complaint that the court did not in his charge make any application of the law of adequate cause, or submit the law of murder without malice,—we observe that no request was made for such charge, and no exception taken for failure to embrace same in the main charge; and we further note nothing in the testimony suggesting or in anywise raising such issue. Appellant as a witness testified and admitted his presence with his co-conspirators at the time and place of the homicide, and admitted that the purpose of their mission was to rob the aged couple whom they killed. He says after his fellow-conspirators shot the husband, he, appellant, objected to the shooting of the wife. Not a word in the facts supports any theory of anger, rage, or sudden resentment, terror, etc.

In regard to the admission of appellant's written confession, upon re-examination we find nothing in the record showing that the said confession was not freely and voluntarily made, but the trial court out of abundance of caution told the jury not

to consider same unless they believed from the evidence that it was freely and voluntarily made.

We have given careful attention to each claim made by appellant in his motion, as we try to do in every case,—if possible giving more attention to death penalty cases than to others,—but are unable to agree with appellant that he did not have a fair and impartial trial at the hands of the court and jury.

The motion for rehearing is overruled.

*Overruled.*